(May 8, 1914.)

## RAWSON–WORKS LUMBER CO., a Corporation, Appellant, v. WALKER RICHARDSON et al., Respondents.

[141 Pac. 74.]

EMINENT DOMAIN—CONDEMNATION OF LAND—PUBLIC USE—MEASURE OF VALUE—COMPENSATION — EVIDENCE — INCOMPETENT — MEASURE OF DAMAGES—INSTRUCTIONS.

1. *Held,* that it was error for the court to admit evidence showing the value to the appellant of the land to be condemned, since such valuation is not based on the market value of the land but on the necessities of appellant.

2. Compensation for the land taken in such cases must be reckoned from the standpoint of what the land owner loses by having his property taken and not from the benefit the property may be to the party desiring to take it, and it is error to admit evidence of the necessities of the condemnor and the value of the property to him for the purpose to which he intends to apply it.

3. *Held,* that the court erred in giving certain instructions.

4. *Held,* that the court erred in refusing to give certain instructions requested by the plaintiff.

APPEAL from the District Court of the Second Judicial District, in and for Idaho County. Hon. Edgar C. Steele, Judge.

Action under the eminent domain statutes of the state for the condemnation of certain lands for public use. Judgment for the defendants. *Reversed.*

G. W. Tannahill, for Appellant.

Under the provisions of our statutes, the public acquired an easement over the land in question and embraced in the streets and alleys; the defendants did not own the fee-simple title thereto, but, notwithstanding this fact, the defendants were awarded the full price for the same, or a value equal to the lots and blocks. The instruction of the court and the evidence admitted relative to the value of the streets and alleys and the acreage therein was error. (*In re Lawrence Street,* 136 N. Y. Supp. 845; *In re Titus Street,* 152 App. Div. 752, 137 N. Y. Supp. 817.)

"Compensation must be reckoned from the standpoint of what the land owner loses by having his property taken, not by the benefit which the property may be to the other party to the proceedings." (15 Cyc. 757; 2 Lewis on Eminent Domain, 3d ed., p. 1231; *Black River etc. R. R. Co. v. Barnard,* 9 Hun (N. Y.), 104; *In re Boston Hoosac Tunnel etc. Ry. Co.,* 22 Hun (N. Y.), 176; *In re New York, Lackawanna & W. Ry. Co.,* 27 Hun (N. Y.), 116; *Sullivan v. Board of Supervisors of Lafayette Co.,* 61 Miss. 271; *Five Tracts of Land v. United States,* 101 Fed. 661, 41 C. C. A. 580; *San Antonio & A. P. Ry. Co. v. Southwestern Tel. etc. Co.* (Tex. Civ. App.), 56 S. W. 201; *Virginia & Truckee R. Co. v. Elliott,* 5 Nev. 358; *Providence etc. R. R. Co. v. City,* 155 Mass. 35, 29 N. E. 56; *Union Depot etc. Co. v. Brunswick,* 31 Minn. 297, 47 Am. Rep. 789, 17 N. W. 626; *St. Louis etc. Ry. Co. v. Knapp, Stout & Co.,* 160 Mo. 396, 61 S. W. 300; *Ligare v. Chicago etc. Ry. Co.,* 166 Ill. 249, 46 N. E. 803; *West Virginia etc. Ry. Co. v. Gibson,* 94 Ky. 234, 21 S. W. 1055; *Chicago B. & Q. Ry. Co. v. Chicago,* 166 U. S. 226, 17 Sup. Ct. 581, 41 L. ed. 979; *San Pedro etc. Ry. Co. v. Board of Education,* 35 Utah, 13, 99 Pac. 263; *Selma, Rome & D. R. R. Co. v. Keilh,* 53 Ga. 178; *Oregon R. & Navigation Co.*

*v. Taffe,* 67 Or. 102, 134 Pac. 1024; *Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19.)

W. N. Scales and McNamee & Harn, for Respondent Richardson.

It was not error for respondents to be allowed to show by either direct or cross-examination of witnesses that the lands sought to be condemned were more valuable for mill sites or terminal grounds than for any other purpose, or to show special value of the property for the purposes for which it is taken.   This rule is permissible in aiding the jury to arrive at its market value.   (*Spring Valley Waterworks v. Drinkhouse,* 92 Cal. 528, 28 Pac. 681; *San Diego Land & Town Co. v. Neale,* 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83; *Mississippi & R. River Boom Co. v. Patterson,* 98 U. S. 403, 25 L. ed. 206; *Sargent v. Inhabitants of Merrimac,* 196 Mass. 171, 124 Am. St. 528, 81 N. E. 970, 11 L. R. A., N. S., 996, and note; *McGovern v. City of New York,* 229 U. S. 363, 33 Sup. Ct. 876, 57 L. ed. 1228, 46 L. R. A., N. S., 391; *Oregon R. & Nav. Co. v. Taffe,* 67 Or. 102, 134 Pac. 1024; *Sacramento Southern R. Co. v. Heilbron,* 156 Cal. 408, 104 Pac. 979; *United States v. Chandler-Dunbar Water Power Co.,* 229 U. S. 53, 33 Sup. Ct. 667, 57 L. ed. 1063; *Columbia etc. Rafting Co. v. Hutchinson,* 56 Wash. 323, 105 Pac. 636.)

Upon the lawful vacation of a street, the abutting land owner holds the fee presumably to the center line, discharged from all easements, either in favor of the public or other abutting owners.   (*Lamm v. Chicago St. P. M. & O. Ry. Co.,* 45 Minn. 71, 47 N. W. 455, 10 L. R. A. 268.)

For exhaustive discussion of abutter's right in streets, see notes to *Rasch v. Nassau Electric R. Co.,* 36 L. R. A., N. S., 673, 838.

A. S. Hardy, for Respondent Wagner.

''The general rule is that if evidence erroneously admitted during the progress of a trial be distinctly withdrawn by the court, the error is cured.''   (38 Cyc. 1440, 1630; *McDannald*

*v. Washington etc. R. R. Co.*, 31 Wash. 585, 72 Pac. 481; *Pennsylvania Co. v. Roy*, 102 U. S. 451, 26 L. ed. 141.)

Any adaptability of lands for any purpose, whether previously used for such purpose or not, is to be taken into consideration in fixing the market value. (*Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.*, 19 Ida. 483, 114 Pac. 19; 15 Cyc. 757; *San Diego Land etc. Co. v. Neale*, 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83; *Mississippi & R. R. Boom Co. v. Patterson*, 98 U. S. 403, 25 L. ed. 206; *Little Rock Junction Ry. Co. v. Woodruff*, 49 Ark. 381, 4 Am. St. 51, 5 S. W. 792; *Oregon R. & Nav. Co. v. Taffe*, 67 Or. 102, 134 Pac. 1024; *In re New York L. etc. Ry. Co.*, 27 Hun (N. Y.), 116; *Currie v. Waverly etc. R. R. Co.*, 52 N. J. L. 381, 19 Am. St. 452, 20 Atl. 56; *Brown v. Forest Water Co.*, 213 Pa. 440, 62 Atl. 1078; *In re Daly*, 72 App. Div. 394, 76 N. Y. Supp. 28; *Hartshorn v. Illinois Valley Ry. Co.*, 216 Ill. 392, 75 N. E. 122; *Cox v. Philadelphia etc. R. Co.*, 215 Pa. 506, 114 Am. St. 979, 64 Atl. 729; *In re New York W. & B. Ry. Co.*, 151 App. Div. 50, 135 N. Y. Supp. 234.)

SULLIVAN, J.—This is an action under the eminent domain law of the state.    The plaintiff is a lumber manufacturing corporation and has considerable timber land in this state. The entire acreage involved in this proceeding, including the interest owned by the appellant corporation, is 48.53 acres, of which appellant is the owner of 33.01 acres and the defendants of about 15.52 acres.

On the trial the jury awarded the defendants the sum of $6,352, and the court entered judgment for that amount in favor of the respective defendants in accordance with their respective interests in and to said 15.52 acres of land.    The appeal is from the judgment.

Counsel for appellant contends that the value of the land fixed by the jury is excessive and that the court erred in the admission of evidence as to the value of the land; in giving certain instructions to the jury and refusing to give certain instructions requested, and in assessing the damages

to a portion of the land owned by respondent A. C. Richardson not condemned under this proceeding. Some forty-three errors are specified.

(1) Assigned errors 1 to 32, inclusive, are argued by appellant in his brief as one assignment of error. Those assigned errors relate to the admission of certain evidence and the refusal of the court to strike out certain evidence.

The case was tried upon the theory that the proper measure of damages to be awarded was the value of this particular tract of land to the appellant corporation. Nearly all of the opinion evidence given by the witnesses as to the value of said land was based upon the benefits that the appellant would derive from obtaining said land and not upon the damages suffered by the respondents or the actual market value of the land, and the trial proceeded upon the theory that the land owner was to be compensated, not in the amount he is damaged, but in the amount the party seeking to condemn is benefited; and the compensation was not reckoned from the standpoint of what the land owner loses by having his property taken, but by the benefit which the property may be to the condemning party.

The following are samples of question after question that were propounded to witnesses, which the witnesses were permitted to answer over the objection of counsel for appellant:

"Q. Mr. Nichols, if this tract of land sought to be condemned is the only available tract of land that the Rawson-Works Lumber Company could condemn for the purpose for which they seek to condemn, and if they had approximately a million dollars invested in timber and in their flume and in their sawmills and in their planing plant and power-house, and they owned one-half of this tract of land, what would you say the other half of the tract of land would be worth to them per acre for the purpose for which they seek to condemn?"

"Q. If this land sought to be condemned, this flat, is the only practical and available ground for the terminus of the flume for the planing-mill plant and piling yards, and if this Rawson-Works Lumber Company desires it for the outlet

to something like $700,000 or a million dollars' worth of lumber, wouldn't that enhance its value, the fact it is the only available ground for that purpose?''

''Q. From your knowledge of the works which have been constructed by the Rawson-Works Lumber Company, and from the proposed erection of their planing plant, power-house, and western terminus of this flume, and considering that they have approximately one million dollars invested in their timber holdings, and in their flume and mills, and that this particular tract of land is suitable and available for this purpose, what would you say this land is worth per acre as a terminus of this flume, or for a planing plant or for the purpose to which the plaintiff seeks to put it?''

''A. Taking into consideration, as they state, having all of this vast amount of timber, and no other place for a mill site, I wouldn't let it go—I would have it if it cost me a thousand dollars an acre if I were in their place; that is the straight of it.''

Much evidence along the line indicated by the above questions and answer was introduced over the objection of counsel for the defendant. This evidence clearly shows that the witnesses based their opinions almost wholly upon the fact that said land would be very valuable to the appellant company. The admission of all of this class of evidence was highly prejudicial to the appellant and placed a false value upon the land in question, for the reason that such valuation was not based on the real market value of the land but on the necessities of the appellant and the importance of its acquiring this particular tract of land for the conduct of its business. The court recognized that this was not proper evidence, but still permitted it to go in over the objection of the defendant, and undertook by an instruction to the jury to prevent their considering it at all, which instruction the jury clearly did not follow in its verdict, but gave more attention to this prejudicial evidence than to the instruction of the court. Why a court will permit highly prejudicial evidence to be repeated time and again in a case and permit its introduction on the trial over the objection of the defendant, is beyond

our comprehension.   It is a well-recognized fact that a court by an instruction cannot eradicate from the minds of a jury prejudicial evidence that has been testified to many times by different witnesses and admitted over the strenuous objection of counsel.

Compensation in condemnation cases must not be based on the benefits to be derived by the appellant, but upon the damages suffered by the respondent or the owner of the land—in other words, its market value.   The numerous comments made by the court in regard to the matter on objection being made by counsel for appellant were clearly prejudicial.   The rule that the land owner is to be compensated, not in the amount he is damaged, but in the amount the party seeking to condemn is benefited, is an erroneous rule.

It is stated in the text in 15 Cyc. 757, that compensation in such cases must be reckoned from the standpoint of what the land owner loses by having his property taken, and not by the benefit the property may be to the other party to the proceedings, and that authority holds that the particular purpose for which the condemnor seeks the land cannot be considered as an element of damages to the land owner.

In 2 Lewis on Eminent Domain, 3d ed., p. 1229, the author says:

"It is not a question of the value of the property to the owner.   Nor can the damages be enhanced by his unwillingness to sell or because of any sentiment which he has for the property.   On the other hand, the damages cannot be measured by the value of the property to the party condemning it, nor by its needs of the particular property."

This doctrine is fully sustained by the numerous authorities cited by said authors, and is also fully sustained by this court in *Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19.

(2) The 33d error assigned goes to the court's instruction directing the jury to compute the amount of interest to each of the defendants in the land sought to be condemned, and to include the streets and alleys in such computation.   It appears from the record that said tract had been platted and

on said plat were represented . certain streets and alleys. The plat was properly acknowledged and recorded as required by law and some of the defendants acquired title to the land by lots and blocks, and counsel contends that under the provisions of sec. 2304, Rev. Codes, that the acknowledgment and recording of such plat is equivalent to a deed in fee simple to the public of such portion of the premises platted, for streets and alleys; that such plat has never been vacated, and for those reasons the court erred in permitting said defendants to recover for the portion of said land included in such streets and alleys.

There world be merit in this contention provided the lots bordering on such streets had been sold to people who used such streets and alleys, but in the case at bar, all of the parties who purchased lots and blocks, aside from the defendants, have sold their interests to the appellant corporation and have no further use for the streets and alleys, and that will be the condition of the defendants provided their title is acquired by this condemnation suit. The company will get in this proceeding the entire interest of the defendants, including all their right, title and interest in and to the streets and alleys, and the court did not err in instructing the jury as above stated.

(3) It is next contended that the court allowed $50 damages to A. C. Richardson for land not taken and not condemned. A. C. Richardson testified on the trial as follows: "Q. And you did not see why it should damage it, either, did you?" (Referring to said land.) "A. No, it did not damage it." Under that evidence it was error to award $50 damages when the owner, or reputed owner of the land, testified that it had not been damaged.

(4) The refusal of the court to give instructions Nos. 1, 2, 3 and 5 requested by the appellant is assigned as error. Those instructions state the correct principles of law as applied to the facts of this case. Since the record is so full of prejudicial evidence admitted over the objection of appellant relating to the benefit this land would be to the appellant company, the court ought to have given said instructions.

Many of the witnesses testified that they based their evidence of value wholly upon the benefit said tract would be to the appellant company and not on the market value of the land. It appears that the respondent A. C. Richardson, less than two years prior to the commencement of this action, paid only $140 for the land for which the jury awarded him $2,220.00. In such cases the rule of law is well established that compensation must be reckoned from the standpoint of what the land owner loses by having his property taken and not by the benefit which the property may be to the other party to the proceedings. The court erred in refusing to give said instructions.

For the reasons above given, the judgment must be reversed and a new trial granted, unless within thirty days from the sending down of the *remittitur* in this case the defendants file with the clerk of the district court an acceptance of $300 per acre for the number of acres of land each claims to own and that is sought to be condemned in this action.

Costs awarded to the appellant.

Ailshie, C. J., concurs.

### ON PETITION FOR REHEARING AND TO TAX COSTS.

#### (June 1, 1914.)

COSTS IN CONDEMNATION SUIT.

    1. In a suit in condemnation, under the constitution and statutes of this state, the costs of the proceeding and cost of appeal should be taxed against the condemnor where the appeal has been prosecuted by the party seeking condemnation.

McNamee & Harn and W. N. Scales, for Respondent Richardson.   A. S. Hardy, for Respondent Wagner.

The matter of costs was not especially presented to the court and the decision was made without argument thereon and contrary to the rule of this court heretofore adopted in cases for condemnation of property under the laws of eminent

domain. (*Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.*, 19 Ida. 492, 114 Pac. 19; approved in *Oregon R. & Navigation Co. v. Taffe*, 67 Or. 102, 135 Pac. 515; see, also, cases cited therein.)

AILSHIE, C. J.—A petition for rehearing on the question of taxation of costs has been filed, and the appellant has filed a cost bill and respondents have moved to strike the cost bill from the files. When the original opinion was filed in this case, the court in awarding costs overlooked the fact that this was a suit in *condemnation*, and that under such circumstances the condemnor should be required to pay all costs of the proceeding. It has been established by the decisions of this court and is well supported by the principles of justice and the constitution that the condemnor must pay just compensation for the property taken and must pay all costs necessarily incurred in the condemnation proceedings. (*Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.*, 19 Ida. 483, 114 Pac. 19, and *Washington Water Power Co. v. Waters*, 19 Ida. 595, 115 Pac. 682. See, also, *Oregon R. & Navigation Co. v. Taffe* 67 Or. 102, 135 Pac. 515.)

The original opinion filed herein will therefore be modified so as to require the appellant to pay all costs both in the trial court and the cost of appeal. Appellant's cost bill will be stricken from the files.

Sullivan, J., concurs.