(No. 6378. December 14, 1936.)

STATE, on the Relation of G. E. McKELVEY, Commissioner of Public Works of the State of Idaho, Respondent, v. E. O. STYNER and HARRIETT A. STYNER, Husband and Wife, HARRY FRAZIER and AGNES C. FRAZIER, Husband and Wife, et al., Appellants.

[63 Pac. (2d) 152.]

Guy Wolfe and J. H. Felton, for Appellants.

Bert H. Miller, Attorney General, Leo M. Bresnahan, Assistant Attorney General, W. A. Brodhead and Weldon Schimke, for Respondent.

GIVENS, C. J.—In condemnation proceedings by respondent against appellants a jury awarded damages to appellants February 8, 1936, in the sum of $400 for the value

of the land taken and $100 damages for the severance. A judgment on the verdict was entered by the clerk on the same day which erroneously recited that the "plaintiff" should have and recover from said "defendants" the sum of $500 and costs. Thereafter the money was paid into court and final order of condemnation was entered April 22, 1936, by the district judge in conformity with I. C. A., sec. 13–716. On the same day appellants served and filed a notice of appeal referring to the judgment appealed from as follows:

" . . . . from that certain judgment of condemnation rendered and entered in favor of the plaintiff and against the defendants in the above entitled cause, tried in the above entitled Court on the 7th day of February, 1936, said judgment being rendered and entered on the 22nd day of April, 1936. This appeal is taken from the whole of said judgment and from each and every part thereof."

Appellants assert by affidavit as follows, the correctness of which respondent does not question:

"That the affiant, as attorney for the appellants, read the record of such entry of judgment and found that the same was not in conformity with the verdict of the jury, and called the said error to the attention of Weldon Schimke and W. A. Brodhead, attorneys for respondent, requesting said attorneys to file a final judgment and order of condemnation correcting said error; that thereafter, and on the 22nd day of April, 1936, the respondent did file a document entitled 'Judgment and Final Order of Condemnation,' in which the verdict of the jury was properly set out and the proper recitals for the entry of judgment made; that the appellants promptly filed notice of appeal from said document, entitled 'Judgment and Final Order of Condemnation,' fully believing that said 'Judgment and Final Order of Condemnation' was made and entered for the purpose of correcting the error made by the Clerk of the District Court in entering judgment upon the verdict; that prior to the making of the notice of appeal, and on or about the date of the entry of the 'Judgment and Final Order of Condemnation,' the Clerk of the Court did, without an order from the Judge of said Court, attempt to correct the original judgment executed, filed and entered upon the verdict of

the jury, without notice to the appellants or their attorneys, by changing the wording therein to read: 'That the said defendants have and recover from the said plaintiff the sum of Five Hundred Dollars,' etc., and without changing the date of the entry thereof; that the Clerk had no authority from the attorneys for appellants to make said change, and appellants had no notice of the change until on or about the 28th day of October, 1936, when the attorneys for appellants received from the attorneys for respondent a Motion to Strike Reporter's Transcript of the Evidence; that the said 'Judgment on Verdict' is still erroneous and wrongful in that it assesses 'plaintiff's costs and disbursements incurred in this action, amounting to Twenty-six and 50/100 Dollars,' and provides for interest thereon at the rate of seven per cent, which is in excess of the statutory rate; that the appellants have been misled by said wrongful entry and have no method of having a correct judgment entered without having the same remanded to the Court of the first instance and the record returned for correction.''

Respondent moves to strike the transcript on the ground that no appeal was taken from the judgment of February 8th, awarding damages, claiming that since it originally contained only a clerical mistake the clerk had the right to reform it without notice or court order, and that the court does not now have any jurisdiction to consider damages or the testimony in connection therewith in the transcript.

Appellants take the position that they were misled to their injury by failure to receive notice of the reformation of the February 8th judgment, and that they thought and understood that the final judgment of condemnation on April 22d was for the purpose of correcting the defect in the judgment of February 8th.

Under our special condemnation statutory proceedings, sections 13–701 to 13–720, Chapter 7, Title 13, I. C. A., there are three judgments or two judgments and a final order made after judgment, to be entered *seriatim*: First, adjudicating the power or right of the party to condemn and the necessity of condemning the particular property in question; second, determining the amount of damages to which the property owner is entitled; and third, the

final order of condemnation which gives possession and passes title.

The first two together with the payment of the money into court or to the owner, are conditions precedent to the entering of the third. Respondent urges that the first two not having been appealed from, though appealable, have become binding, and no question in connection therewith may now be raised, and therefore that the transcript should be stricken.

The only matter now before us is the motion to strike the transcript. If respondent's contention be correct, the appeal on the merits, of course would be limited to matters pertaining to the final order of condemnation. If appellants' contention be correct, the appeal would be extended to matters pertaining to the judgment for damages. To determine whether or not the transcript should be stricken it is however unnecessary to pass upon the limits of the appeal on the merits, because even if respondent's contention be correct, there are matters in the transcript essential to a determination of the appeal considered as from the final order of condemnation only; namely, payment of the money into court, and the two previous requisite judgments.

If appellants' contention be upheld, the entire transcript would be pertinent. The matter of costs cannot affect the situation because in either event costs should be awarded appellants against respondent. (*Rawson-Works Lumber Co. v. Richardson,* 26 Ida. 37, at p. 45, 141 Pac. 74 (on rehearing) ; *Bassett v. Swenson,* 51 Ida. 256, 5 Pac. (2d) 722.)

The motion to strike the transcript is therefore denied, beyond which at this time we do not go. Costs of this proceeding awarded to appellants.

Budge, Morgan, Holden and Ailshie, JJ., concur.