673 P.2d 1067 (1983)
105 Idaho 873
ADA COUNTY HIGHWAY DISTRICT, a body politic of the State of Idaho, By and Through its Commissioners, Leon FAIRBANKS, L.C. Bass, and Mike Silva, Plaintiffs-Appellants,
v.
Floyd ACARREQUI and Carmen M. Acarrequi, husband and wife, d/b/a Cabana Motel, First Federal Savings and Loan Association of Boise, a United States corporation, Defendants-Respondents.
No. 14249.
Supreme Court of Idaho.
December 21, 1983.
*1068 Alfred C. Hagan, John Frederick Mack, Boise, for plaintiffs-appellants.
E. Don Copple, Boise, for defendants-respondents.

ON DENIAL OF PETITION FOR REHEARING
SHEPARD, Justice.
This is an appeal from only that portion of a judgment awarding attorneys' fees and costs to the defendant property owner in an action in which the appellant Ada County Highway District sought and obtained the condemnation of lands owned by respondents Acarrequi. The only question presented is whether a property owner defendant in an eminent domain proceeding is absolutely entitled to reasonable attorneys' fees and costs as a part of the just compensation due under the fifth and fourteenth amendments to the United States Constitution and Idaho Const. art. 1, §§ 13, 14. We reverse and remand.
The highway district sought to condemn a portion of the Acarrequi property used for a motel parking lot in downtown Boise. The Acarrequis controverted the necessity of the taking of their property and a hearing was held thereon. Although the construction plans of the highway district were modified to some extent following the hearing, nevertheless the trial court determined that the taking of the Acarrequi property was necessary, and upon the highway district's paying into court the $30,600 ordered by the trial judge, the highway district was granted possession of the property in question. The amount of just compensation due therefor was reserved for trial.
Four years and seven months after the filing of the action and one month prior to trial, the highway district offered $40,000 in settlement of the action, which offer was rejected by the Acarrequis. The damage sustained by the Acarrequis by reason of the taking of the property and the damages to the remaining property were testified to by a witness for the Acarrequis as amounting to $216,197. One witness called by the highway district testified that the award should be $20,800 and another witness testified to damages of $33,760. The jury returned an award to the Acarrequis of $48,000. No issue is presented here regarding that jury award.
The Acarrequis filed a memorandum of costs which did not include attorneys' fees and the county filed a memorandum of its costs which did include attorneys' fees. Thereafter, the Acarrequis moved to amend their memorandum of costs to include their attorneys' fees. That motion was granted. Acarrequis filed an amended memorandum of costs, including attorneys' fees.
We initially address the assertion of the highway district that the trial court erred in allowing such amendment of the Acarrequis' costs bill to include attorneys' fees after the ten-day period allowed by I.R.C.P. 54(d)(5) had expired. The allowance of amendment to pleadings is a matter within the trial court's discretion and will not be disturbed absent a showing of clear error. Wheeler v. McIntyre, 100 Idaho 286, *1069 596 P.2d 798 (1979); Cougar Bay Co. v. Bristol, 100 Idaho 380, 597 P.2d 1070 (1979). A court may, in its discretion, allow such amendment, unless to do so would deprive the complaining party of some substantial right. Radermacher v. Eckert, 63 Idaho 531, 123 P.2d 426 (1942); Pennsylvania-Coeur d'Alene Mining Co. v. Gallagher, 19 Idaho 101, 112 P. 1044 (1910). We have previously ruled that the time periods allowed under Rule 54 may be enlarged at the discretion of the trial court. Wheeler v. McIntyre, supra. The record discloses no harm or prejudice resulting to the highway district from the court's allowing amendment of the Acarrequis' memorandum of costs. We find no abuse of discretion and no error.
Each party moved to disallow the other's costs and attorneys' fees. The trial court, following a hearing on attorneys' fees and costs, found that the defendants Acarrequis were the prevailing party under I.R.C.P. 54(d)(1)(B) and were therefore entitled to costs and attorneys' fees. The court found that the plaintiff highway district was not the prevailing party. As to the hearing on the necessity of the taking of the property, the court held:
"that Defendants' action in exercising their constitutional right to have Plaintiff put on evidence as to the necessity of the taking was reasonable and that as a result of that hearing Defendants did in part prevail and should be entitled to one-half of their attorneys' fees ... and ... one-half of ... [their] costs."
As to the trial held on the issue of the amount to be awarded to the Acarrequis, the court held that the Acarrequis were entitled to the full amount of their costs "as a combination of discretionary costs and costs as a matter of right," citing I.R.C.P. 54(d)(1)(D). The court stated, "the condemnee in an eminent domain proceeding should be entitled to all his costs and attorneys fees under Idaho Code 12-121 as costs under I.R.C.P. Rule 54(e)(5)." The trial court explained his ruling as follows:
"... Idaho Code 12-121 was intended to allow the awarding of attorney's fees in an eminent domain action without the modifying influence of I.R.C.P. 54(e)(1) as the rule might suggestibly be applicable to the condemnee.
"Attorney's fees awarded under a statute are awarded as costs. I.R.C.P. 54(e)(5). "The condemnee is the one who is entitled to those costs because he is constitutionally entitled to defend his property."
Appellant highway district asserts that on the facts of this case the Acarrequis were not a prevailing party entitled to attorneys' fees and costs under I.R.C.P. 54(d)(1). Appellant urges that attorneys' fees are only an indirect cost of the taking of the owners' property and are not within the constitutional meaning of just compensation. We decline to so hold. Rather, we deem it necessary to adopt a new standard governing an award of both attorneys' fees and costs, only as it relates to a condemnation proceeding. We reverse the trial court's award of attorneys' fees and costs as not in compliance with the proper standard (not known until today) and remand for the sole purpose of determination of attorneys' fees and costs in accordance with the standard set forth infra.
According to the great weight of authority, attorneys' fees and other expenses are not recoverable in a condemnation proceeding except as authorized by statute. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930); Petersen v. Port of Seattle, 94 Wash.2d 479, 618 P.2d 67 (1980); Richmond Elks Hall Ass'n v. Richmond Redevelopment, 561 F.2d 1327 (9th Cir.1977); County of Los Angeles v. Ortiz, 6 Cal.3d 141, 98 Cal. Rptr. 454, 490 P.2d 1142 (1971); Leadville Water Co. v. Parkville Water District, 164 Colo. 362, 436 P.2d 659 (1967); Bassett v. Swenson, 51 Idaho 256, 5 P.2d 722 (1931). As is stated in 4A Nichols on Eminent Domain § 14.24[4] (3d ed. 1981):
"It has been held that the acquisition of property by eminent domain does not involve a taking of the legal services which are needed in order to establish a *1070 claim for compensation. Unless provision is made therefor by statute, a claimant is not entitled to reimbursement either for loss of time consumed in prosecuting his claim or for counsel fees. Attorney's fees are not generally considered payable under statutory provisions for costs, expenses or just compensation. Nevertheless, judicial opinion has occasionally questioned whether an owner has been made whole so far as money is a measure of compensation, if he is denied recovery of attorney's fees necessarily expended by him in the trial of a condemnation proceeding.
"Where statutory provision is made for the inclusion of counsel fees in the just compensation to which an owner is entitled when his property is taken by eminent domain such fees may be treated like any other element of damage involved in such a case. Such statute is amply justified by the equities of the situation. As one court has stated the case:
`The constitution requires that private property shall not be taken for public use, except on the payment of just compensation, and a man who is forced into court where he owes no obligation to the party moving against him, cannot be said to have received just compensation for his property if he is put to an expense appreciably important to establish the value of his property. He does not want to sell; the property is taken from him through the exercise of the high powers of the state, and the spirit of the constitution clearly requires that he shall not be compelled to part with what belongs to him without the payment, not alone of the abstract value of the property, but of all the necessary expenses incurred in fixing that value.' [In re Board of Rapid Transit Com'rs., 128 A.D. 103, 112 N.Y.S. 619 (1908).]" (Footnotes omitted.)
I.C. § 7-718, dealing with eminent domain, provides: "Costs may be allowed or not, and, if allowed, may be apportioned between the parties on the same or adverse sides in the discretion of the court." As interpreted, that statute requires the condemnor to pay all costs. Bassett v. Swenson, supra; Rawson-Works Lumber Co. v. Richardson, 26 Idaho 37, 141 P. 74 (1914).
We therefore hold that as the trial court determined, attorneys' fees and costs are allowable, in eminent domain proceedings, under I.R.C.P. 54(d)(1). However, we disagree with the trial court's conclusion that such fees and costs are mandatory as within the definition of just compensation.
We note that the rule in most civil cases is that fees and costs are awardable only to the prevailing party, I.C. § 12-121, as determined by the standards of I.R.C.P. 54(d)(1)(B). As to attorneys' fees, I.R.C.P. 54(e)(1) is an explanatory gloss on I.C. § 12-121 and provides that "attorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Hence, assuming Rule 54(e)(1) was applicable to the present case, and under the case law until today, attorneys' fees were improperly awarded in the absence of a finding of frivolity, unreasonableness or lack of foundation.
Rule 54(e)(1) is not applicable to the instant case, which was filed prior to March 1, 1979, the effective date of the rule. Nampa v. McGee, 104 Idaho 63, 656 P.2d 124 (1982); T-Craft Aero Club, Inc. v. Blough, 102 Idaho 833, 642 P.2d 70 (1982); Haskin v. Glass, 102 Idaho 785, 640 P.2d 1186 (1982); Rickel v. Board of Barber Examiners, 102 Idaho 260, 629 P.2d 656 (1981). See also Quincy v. Joint School District No. 41, Benewah County, 102 Idaho 764, 640 P.2d 304 (1981). Nevertheless, putting aside the time parameters which constrain the application or non-application of I.R.C.P. 54(e)(1) to the instant action, we adopt a new view and hold that, in condemnation actions, attorneys' fees may be awarded to the condemnee without a showing and finding that the action was brought and pursued *1071 "frivolously, unreasonably or without foundation."
It is seldom that a governmental entity can be shown to have initiated a condemnation action frivolously, unreasonably or without foundation. Any such unreasonableness would undoubtedly be raised by the condemnee at an early stage of the proceedings during the public use and necessity hearing. Hence, any opportunity for the condemnee to prevail on the issue of attorneys' fees would appear to lie only in the condemnor's failure to make a reasonable offer of settlement, which inaction forces the condemnee to trial with the resultant expenses for attorneys' fees.
On the other hand, the condemnee, as was emphasized by the trial court here, has done nothing to bring the action upon himself except to have the bad (or good) fortune of owning property which the governmental entity has chosen to expropriate.
As to costs generally, it is stated in 6A Nichols on Eminent Domain § 27.6 (3d ed. 1981):
"The general federal rule as to costs [Fed.R.Civ.P. 54] does not apply to condemnation proceedings. Since the condemnor is normally the prevailing party and since he should not recover his costs against the property owner, the general rule, which provides that costs shall go to the prevailing party, has been rendered inapplicable. The effect of the new rule is that costs are to be awarded in accordance with the law that has developed in condemnation cases. In the committee note to Rule 71A of the Federal Rules of Civil Procedure, the rule as to costs has been summarized as follows:
`Costs of condemnation proceedings are not assessable against the condemnee, unless by stipulation he agrees to assume some or all of them. Such normal expenses of the proceeding as bills for publication of notice, commissioners' fees, the cost of transporting commissioners and jurors to take a view, fees for attorneys to represent defendants who have failed to answer, and witness' fees, are properly charged to the Government, though not taxed as costs. Similarly, if it is necessary that a conveyance be executed by a commissioner, the United States pays his fees and those for recording the deed. However, the distribution of the award is a matter in which the United States has no legal interest. Expenses incurred in ascertaining the identity of distributees and deciding between conflicting claimants are chargeable against the award, not against the United States, although federal attorneys are expected to aid the court in such matters as amici curiae.'"
See also Comment, Attorneys' Fees in Condemnation Proceedings, 20 Hastings L.J. 694 (1969).
We now hold that an award of reasonable attorneys' fees to the condemnee in an eminent domain proceeding is a matter for the trial court's guided discretion and, as in other areas of the law, such award will be overturned only upon a showing of abuse. We further hold that the condemnee's costs may be awarded under I.R.C.P. 54(d)(1)(C) or 54(d)(1)(D). City of Aberdeen v. Lutgen, 303 N.W.2d 372 (S.D. 1981); State v. Van Willet, 389 So.2d 1346 (La. App. 1980); Hayden v. Board of County Commissioners, 41 Colo. App. 102, 580 P.2d 830 (1978); Division of Administration v. Denmark, 354 So.2d 100 (Fla.App. 1978); State v. Siler, 79 Wash.2d 789, 489 P.2d 921 (1971); In re Condemnation of Certain Land, 254 Iowa 769, 119 N.W.2d 187 (1963); State v. Westover Co., 140 Cal. App.2d 447, 295 P.2d 96 (1956). See generally 4A Nichols on Eminent Domain § 14.24[4] (3d ed. 1981), at pp. 14-612  14-615.
Since we have held that an award of attorneys' fees and costs to a condemnee in a condemnation proceeding lies within the discretion of the trial court, it is appropriate that we delineate some factors which the trial court should consider in exercising that discretion. We emphasize that these factors are matters for consideration and not rigid guidelines within which a trial court is required to operate. Since many of the matters would probably not be contained in *1072 the actual trial record, we urge trial courts to set forth their basis of any such awards, to the end that if an appeal results, this Court can give meaningful consideration to the trial court's exercise of discretion.
Except in the most extreme and unlikely situation, we cannot envision an award of attorneys' fees and costs to a condemnor. Given the vagaries of jury verdicts in condemnation actions, the ultimate jury award is a far from perfect point of departure in attempting to gauge the reasonableness of the positions of the parties, relative to settlement, prior to trial. However, given the entire theory of eminent domain, i.e., that a jury will determine the just compensation to be awarded the condemnee, we must, it seems, assume that a jury verdict at least approximates the fair market value of the property taken and the damages which will result to the remainder. We are convinced that such is at least a more reliable indicator than the wide and wild variations in value which will be testified to in any given case by the expert witnesses brought forward by each party. As a point of beginning, we postulate that a jury in a condemnation action, attempting to choose among highly divergent evidence as to value, can only be expected to arrive at the "real" just compensation to which a condemnee is entitled within a margin of error of plus or minus ten per cent. Hence, we would deem that in considering the award of attorneys' fees to a condemnee, a condemnor should have reasonably made a timely offer of settlement of at least 90 per cent of the ultimate jury verdict. We also deem that an offer would not be timely if made on the courthouse steps an hour prior to trial. An offer should be made within a reasonable period after the institution of the action, to relieve the condemnee not only of the expense but of the time, inconvenience and apprehension involved in such litigation, and also to eliminate the cloud which may hang over the condemnee's title to the property. Other factors which may be considered by the trial court are any controverting of the public use and necessity allegations; the outcome of any hearing thereon and, as here, any modification in the plans or design of the condemnor's project resulting from the condemnee's challenge; and whether the condemnee voluntarily granted possession of the property pending resolution of the just compensation issue. See generally Division of Administration v. Denmark, 354 So.2d 100 (Fla.App. 1978); City of Bismarck v. Thom, 261 N.W.2d 640 (N.D. 1977); State v. Siler, 79 Wash.2d 789, 489 P.2d 921 (1971); 4A Nichols on Eminent Domain § 14.24[4] (3d ed. 1981). As to the amount of attorneys' fees awardable, we deem the criteria outlined in I.R.C.P. 54(e)(3) to be appropriate in condemnation, as in all other civil cases. We caution that the court should not automatically adopt any contingent fee or contractual arrangement, but rather the fee awarded may be more or less than that provided in the lawyer-client contract. Blasdel v. Montana Power Co., 640 P.2d 889 (Mont. 1982); City of Bismarck v. Thom, supra; Carmichael v. Iowa State Highway Com'n, 219 N.W.2d 658 (Iowa 1974).
In conclusion, we hold that the trial court here erred in finding the Acarrequis, solely by virtue of their condemnee status, absolutely entitled to attorneys' fees and costs. On remand, the trial court is instructed to determine whether plaintiffs Acarrequis prevailed, whether Acarrequis should be awarded attorneys' fees and costs, and if so, then the amount of those attorneys' fees and costs. The cause is reversed and remanded for further proceedings, including, in the discretion of the trial court, a hearing and additional taking of evidence. No costs or attorneys' fees to either party on this appeal.
DONALDSON, C.J., and HUNTLEY, J., concur.
BAKES, Justice, dissenting:
I would affirm the trial court's award of attorney fees. As the court's quotation from 4A Nichols on Eminent Domain, § 14.24[4], acknowledges, attorney fees are not allowable in condemnation proceedings in the absence of statute authorizing them. I.C. § 12-121 is just such a statute and is *1073 applicable in this case. This case was filed prior to March 1, 1979, and therefore, as the majority correctly points out, I.R.C.P. 54(e) is not applicable. Therefore, there is no need for this Court to "adopt a new position" when the legislature has expressed its view regarding attorney fees  the only view, in my opinion, that counts.
BISTLINE, Justice, dissenting.
I would affirm the judgment allowing attorney's fees. The ruling of Judge Smith, a ruling which was long overdue in this area of the law, is highly commendable. Touching lightly upon the views of Justice Bakes, who would affirm on the technicality that the case was filed before March 1, 1979,[1] I disagree with his view that I.C. § 12-121 is here applicable. Our opinion in Rueth v. State, 100 Idaho 203, 596 P.2d 75 (1979), made it clear that, in reaffirming Flandro v. Seddon, 94 Idaho 940, 500 P.2d 841 (1972), a condemnation proceeding is an action provided for by the Idaho Constitution, and not the legislature. 100 Idaho at 222, 596 P.2d 75. Although the legislature was authorized to and has provided the procedural guidelines, it is only the Court which will interpret the meaning of just compensation as required by Art. 1, § 14.
"Just compensation" means the full monetary equivalent of the property taken. United States v. Reynolds, 397 U.S. 14, 90 S.Ct. 803, 25 L.Ed.2d 12 (1970). That definition needs no further discussion. Under the Idaho constitutional provision, the condemnor is obliged to pay the landowner the full fair market value of the property as a prerequisite to gaining title. Nothing less will suffice. Initially it should be up to the condemnor to ascertain that fair market value, and thereupon forthwithly and forthrightly offer that ascertained value to the landowner.[2] It is not a market overt situation. Unlike an ordinary real estate transaction, there is no room for the condemnor to offer less than the ascertained value, and thereafter bargain and haggle. The condemnor, constitutionally vested with this awesome power to acquire property which is not for sale, must fairly and openly deal with the landowner. In that manner most condemnation actions should not be thrown into litigation. For the condemnor, the cost of appraising the property is thus an ordinary administrative cost of the desired acquisition. The landowner who is not satisfied with the offer may, in turn, seek out, at his own expense, legal and appraisal advice upon which he will rely in attempting to negotiate a settlement.
Where litigation ensues, and the landowner prevails and obtains more than was offered, prima facie the offer was too low and was not an offer of just compensation. In that event the landowner will retain that which the jury (or court in a non-jury case) has found to be just compensation, and, in order that it be the full monetary equivalent of the property taken, the landowner must not be penalized by having to pay out of his recovery the expenses, including attorney's fees and expert witnesses, to which he has been put. That is fulfillment of the constitutional provision, and that should be our holding today. By so holding, this Court would properly fill a gap which has been long vacant, too long. Perhaps, had the legislature taken some action, the constitutional validity of its thus defining and assuring just compensation would have gone unchallenged. But it did not. The Oregon legislature has done so. There the *1074 landowner will be awarded attorney's fees and other expenses if the jury assessed just compensation in an amount which "exceeds the highest written offer in settlement submitted by condemnor ... at least 30 days prior to commencement of said trial; ... ." O.R.S. 35.346(a). Moreover, even if the landowner does not obtain a verdict exceeding the condemnor's highest offer, he may still recover his attorney's fees and expenses.
"(b) If the court finds that the first written offer made by condemner to defendant in settlement prior to filing of the action did not constitute a good faith offer of an amount reasonably believed by condemner to be just compensation." O.R.S. 35.346(b)
Thus, it is seen that the Oregon legislature has statutorily required fair dealing and provided for attorney's fees as did Judge Smith in the first instance, and as I now declare well in order.
The Montana legislature has addressed the proposition:
"In the event of litigation and when the private property owner prevails by receiving an award in excess of the final offer of the condemnor, the court shall award necessary expenses of litigation to the condemnee."
R.C.M. XX-XX-XXX(2)
"(1) Necessary expenses of litigation as authorized by 70-30-305 mean reasonable and necessary attorney fees, expert witness fees, exhibit costs, and court costs."
R.C.M. XX-XX-XXX(1) (emphasis added).
Whatever may be the authority of the Oregon and Montana legislatures to so provide is not necessary of further inquiry, not where it is well established in Idaho that our condemnation proceedings are not creatures of legislative creation, but rather constitutional, absolutely sui generis. We merely look to Oregon and Montana to ascertain what the people of those states believe to be fair. Our legislature without doubt recognizes that it is this Court which ultimately will pass upon the meaning of constitutional just compensation, and the legislature has maintained a hands-off approach.
The opinion authored by Justice Shepard offends notions of fair play in reversing "the trial court's award of attorneys' fees as not in compliance with the proper standard (not known until today) and remand for the sole purpose of determination of attorneys' fees in accordance with the standard set forth infra." It might be an appropriate ruling if it were somehow demonstrated how a district judge could err in failing to apply a standard which had not yet been divined. And it would be an appropriate ruling if the district judge had denied attorney's fees, and the landowner on an appeal taken by him was responsible for the creation of new standards. Such a landowner would only be getting the benefit of his own product. But that is not this case. The Court today creates a new standard, and then, in violation of all known principles of retroactivity, applies it to a ruling made almost three years ago!!
NOTES
[1] Except for the technicality, prior cases on the subject suggest that Justice Bakes would not allow a landowner any attorney fees whatever unless it could be established that the condemnor was guilty of frivolously condemning. I agree heartily with Justice Shepard's discussion of that issue. I also again point out that Justice Bakes has continued to be of the view that attorney's fees may be awarded under the guise of punitive damages  which was, until Cheney v. Palos Verdes, 104 Idaho 897, 665 P.2d 661 (1983), certainly "in the absence of statute authorizing them."
[2] The Reply Brief of the Highway District candidly recognizes this precept:

"However, an eminent domain action is somewhat different from the ordinary civil litigation in this respect, since there is a statutory obligation on the part of the condemning authority to bargain in good faith."
Appellant's Reply Brief, p. 10.