763 P.2d 1081

**Craig A. NALEN and Katherine A. Nalen, husband and wife, Plaintiffs–Appellants,**

v.

**Edward W. JENKINS, dba American Homes, Defendant–Respondent.**

No. 17240.

Court of Appeals of Idaho.

Oct. 19, 1988.

Richard H. Greener of Clemons, Cosho & Humphrey, Boise, for plaintiffs-appellants.

D. Blair Clark (argued), and Jeffrey R. Christenson of Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for defendant-respondent.

WALTERS, Chief Judge.

The appellants, Craig and Katherine Nalen, received an award of attorney fees under § 48–608(3) of the Idaho Consumer Protection Act. Dissatisfied with the award, they contend on appeal that the trial court abused its discretion by limiting the amount of the award to the contingent fee arrangement entered into between them and their attorney. For reasons explained below, we vacate the award and we remand the case for further proceedings.

The relevant facts are not in dispute. The Nalens filed a suit against Edward Jenkins to recover part of the down payment made to Jenkins for construction of a log home in Blaine County, Idaho. The trial court held Jenkins liable under two theories: unjust enrichment and violation of the Idaho Consumer Protection Act. In addition to damages, the trial court awarded the Nalens $1,342.65 in attorney fees— considerably less than the $13,965 they had requested. The trial court calculated the fee based on a contingency percentage of their claim under the Consumer Protection Act. When the Nalens appealed from that determination, this Court held that the district judge had improperly exercised his discretion in calculating the amount of attorney fees by basing the fee on the ratio of "prevailing theories" to "nonprevailing theories." Consequently, we remanded the case with directions to redetermine the amount to be awarded. *Nalen v. Jenkins*, 113 Idaho 79, 741 P.2d 366 (Ct.App.1987) (hereinafter *Nalen I*). On remand, the trial court awarded the Nalens $2,456.97, representing one-third of the damages recovered in *Nalen I*.[1] The Nalens have again appealed.

---

1. As we directed in *Nalen I,* the trial court also fixed the amount of fees awarded to the Nalens for the appeal. No issue has been raised in this appeal with regard to that award. It therefore stands unchallenged, and is unaltered by this opinion.

■ The sole issue on this appeal is whether an award of reasonable attorney fees under I.C. § 48–608(3)[2] is subject to a "cap" based upon a contingency fee agreement. The Nalens urge that the trial court abused its discretion by limiting the award of attorney fees strictly to the contingency fee agreement entered into between them and their attorney. Although the amount of attorney fees is left to the discretion of the trial court, certain procedural safeguards have been established to guide the court in arriving at its decision. *DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 678 P.2d 80 (Ct.App.1984). If the trial court fails to meet those standards, it will have abused its discretion. *Id.* On a review of discretionary decisions, we inquire whether the district court: (1) rightly perceived the issue as one of discretion; (2) acted within the outer boundaries of discretion and consistently with any legal standards applicable to specific choices; and (3) reached its decision by exercise of discretion. *Nalen I, supra; Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct.App. 1987).

It is without question in this case that the trial court perceived the issue before it—the amount of fees to be awarded—to be one calling for the exercise of discretion and that the court undertook to exercise its discretion in reaching a decision. Our concern, however, is whether the trial court's discretion was exercised consistent with the legal standards applicable. In *Nalen I*, we held that I.C. § 48–608(3) mandated an award of reasonable attorney fees to the Nalens as the prevailing party, thus making the fees allowable under I.R.C.P. 54(e)(1).[3] When attorney fees are allowed under I.R.C.P. 54(e)(1), the amount should be determined by application of the factors set forth in I.R.C.P. 54(e)(3).[4] *Nalen I, supra; Ada County Highway District v. Acarrequi*, 105 Idaho 873, 673 P.2d 1067 (1983). The Rule 54(e)(3) factors determine the boundaries of the discretion exercised when fixing the amount to be awarded as reasonable attorney fees. *Nalen I, supra.* Rule 54(e)(3) requires the court to consider the existence and applicability of each factor, giving no one factor undue weight or emphasis. *Nalen I, supra; Decker v. Homeguard Systems*, 105 Idaho 158, 666 P.2d 1169 (Ct.App.1983).

Here, the trial court, in a memorandum opinion, stated that it had considered all the factors set forth in Rule 54(e)(3). The trial court said:

> Accordingly, *considering all the elements of I.R.C.P. 54(e)(3)*, it is the conclusion of this Court that while the requested fee of *$13,965.00 is reasonable in all respects*, the Plaintiff may recover only that which they have contracted with their counsel to pay, i.e., one-third of the recovery of $7,370.90 or $2,456.97. (Emphasis added.)

In placing a contingency-fee "cap" on the award, the trial court subscribed to defense counsel's argument that the statute, I.C.

**2.** I.C. § 48–608(3) states: "In any action brought by a person under this section, the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails...."

**3.** I.R.C.P. 54(e)(1) provides that: "In any civil action the court may award reasonable attorney fees to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract...."

**4.** Rule 54(e)(3) provides:

In the event the court grants attorney fees to a party or parties in a civil action it *shall* consider the following factors in determining the amount of such fees.

(A) The time and labor required.
(B) The novelty and difficulty of the questions.
(C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
(D) The prevailing charges for like work.
(E) Whether the fee is fixed or contingent.
(F) The time limitations imposed by the client or the circumstances of the case.
(G) The amount involved and the results obtained.
(H) The undesirability of the case.
(I) The nature and length of the professional relationship with the client.
(J) Awards in similar cases.
(K) Any other factor which the court deems appropriate in the particular case.
(Emphasis added.)

§ 48–608(5), authorizes fee awards only to the parties involved, and not to their attorneys. This is true. However, the court took this to mean that whenever the prevailing party has a contingent fee agreement, that party may recover only what he is obligated to pay his attorney. On this point, we disagree.

The fact that an award is made to a party does not necessarily require the amount to be limited to the party-attorney agreement. The statute provides for the award of an objectively "reasonable" fee; such a fee may be higher or lower than what the party must pay to the attorney under their agreement. Indeed, we previously have ruled that a court is *not* prohibited from allowing recovery to the prevailing party in excess of the amount which the party is contractually obligated to pay his attorney. *Decker v. Homeguard Systems, supra.* Similarly, our Supreme Court has cautioned that, in awarding attorney fees under the Rule 54(e)(3) criteria, a trial court "should not automatically adopt any contingent fee or contractual arrangement, but rather the fee awarded may be more or less than that provided in the lawyer-client contract." *Ada County Highway District v. Acarrequi, supra,* 105 Idaho at 878, 673 P.2d at 1072.

Under Rule 54(e)(3)(E), the trial court is required to consider "whether the fee is fixed or contingent."[5] But the rule does not require that factor to be given any more weight in the court's determination than should be given to other factors applicable to reaching the ultimate determination of reasonableness of the amount to be awarded. *Decker v. Homeguard Systems, supra.* Although the trial court here stated that it had considered all the factors and found $13,965 in attorney fees reasonable, the court then deviated from proper application of the rule by allowing its decision to be controlled by only one factor—the contingency fee agreement.

We conclude the trial court did not properly exercise its discretion in fixing the fees to be awarded under I.C. § 48–608(3). We vacate the award and remand this case again, for further proceedings on the fees issue. We award costs and fees on appeal to the Nalens. Fees in this appeal, like the prior appeal, will be determined by the trial court.

BURNETT and SWANSTROM, JJ., concur.

---

5. The existence of a contingency arrangement may be treated as a factor enhancing rather than decreasing the award, because it demonstrates a risk of nonrecovery. It need not be employed as a means of reducing an award in relation to the amount in controversy. That relationship is already a factor to be considered under Rule 54(e)(3)(G).