J. JONES, Justice,
specially concurring.
I fully concur in the Court’s opinion but feel compelled to offer some comments on the attorney fee issue. While a condemnee certainly has the right to challenge the reasonableness of a compensation offer made by a condemnor, any such challenge should be within the limits of reason. Here, Grathol clearly exceeded those limits, treating the condemnation proceeding as a ride on the gravy train. Although Grathol purchased the entire 56.8 acres in May of 2008 for $1,450,000 and although the market had declined from that time until November 11, 2010, the date of the taking, Grathol sought as much as $3,093,360 at trial for the 16.314 acres taken by the State. In its opening brief on appeal, Grathol states that Alan Johnson, Grathol’s Vice-President, “testified that the value of the 16.314 acre take was $2,295,360,” and “that the severance damages, added to the value of the take resulted [sic] just compensation owed in the range of $2,633,360 to $3,093,360.” In its argument for severance damages based on the increased cost of future development, Grathol proposed an entitlement to severance damages of $3,527,140.32. As demonstrated in the Court’s opinion, these contentions were wholly without merit. Just from a fairly plain common sense standpoint, the compensation award in the amount of $675,000 for less than one third of the property that Grathol purchased for $1,450,000 in May 2008, just before the collapse in real estate prices, was eminently reasonable.
The lamentable aspect of this case is that the State made a settlement offer to Grathol in the amount of $1,100,000 on December 15, 2011. The trial began on March 5, 2012. The State’s settlement offer was reasonable and timely within in the guidelines in Ada Cnty. Highway Dist. v. Acarrequi, 105 Idaho 873, 878, 673 P.2d 1067, 1072 (1983) (an offer made by the condemnor a reasonable time after the institution of the action and within ten percent of the amount of the jury verdict is reasonable). Grathol declined to accept the offer, choosing to pursue litigation on flawed facts and legal theories. Grathol asserted that it incurred attorney fees of $212,699 in the litigation in district court, while the State claimed it incurred $724,136 in attorney fees, $13,079.06 in costs as a matter of right, and $167,103.59 in discretionary costs, for a total of $906,318.65. While the costs of defending would likely have been substantially less, had the Attorney General’s office been properly funded and not obliged to seek the assistance of outside counsel, even a much lesser expenditure would have been unnecessary if Grathol had not been shooting for the moon. It is hard to conceive of any reasonable grounds for Grathol to spurn an eminently reasonable settlement offer and drive up the costs of litigation for both sides. In my mind, this is the type of “most extreme and unlikely situation” envisioned in Acarrequi that would justify a fee award in favor of the condemnor at the trial level, as well as on appeal.