940 P.2d 1137

STATE of Idaho ex rel., Leon E. SMITH, Mike P. Mitchell and John X. Combo, Idaho Transportation Board, Plaintiffs–Appellants,

v.

Jo Grace JARDINE, and Jo Grace Jardine, As Personal Representative of Estate of Carl V. Jardine, and West One Bank, Defendants–Respondents.

No. 23213.

Supreme Court of Idaho, Boise, April 1997 Term.

July 9, 1997.

Alan G. Lance, Attorney General; John J. McMahon, Chief Deputy Attorney General; Patrick Fanning, Deputy Attorney General, argued, Boise, for appellants.

Meuleman, Miller & Cummings, Boise, for respondents. Robert L. Miller argued, Boise.

JOHNSON, Justice

This is a condemnation case. The primary issue presented is whether the trial court abused its discretion in awarding attorney fees to the party whose property was condemned (the condemnee). We conclude that the trial court did not abuse its discretion. In doing so, we restate the standard the trial courts should follow in considering an award of attorney fees in condemnation cases. We also award the condemnee attorney fees on appeal.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

The State of Idaho (the state) condemned property (the property) of Jo Grace Jardine (Jardine) in order to construct a new highway ramp. Jardine and her late husband, Carl V. Jardine, planned on developing the portion of their property that was not being condemned (the remaining property) as a

residential subdivision. West One Bank (West One) had an interest in the property by way of a deed of trust.

Part of the state's plan required relocating an open ditch (the ditch) on the remaining property at a cost of $21,044. At Jardine's request, the state altered its plans for relocating the ditch into an underground piping system, at a cost of $97,220 more than the relocation of the ditch.

The following events occurred during the state's attempt to purchase or condemn the property:

March 31, 1995 The state offered $150,000 for the property.

April 13, 1995 The state reiterated its $150,000 offer.

May 15, 1995 Jardine rejected the state's $150,000 offer. The state filed suit to condemn the property.

April 10, 1996 Jardine informed the state of a $415,000 appraisal of the just compensation due from the state and offered to accept $300,000.

April 11, 1996 The state offered Jardine $225,000, which Jardine rejected.

April 15, 1996 The state offered $230,000.

April 19, 1996 Jardine rejected the state's $230,000 offer.

April 22–24, 1996 A three-day trial was held, at the conclusion of which the jury awarded Jardine $182,200 plus interest.

The trial court granted Jardine costs of $18,343.82 and attorney fees of $23,724.25, for a total of $42,068.07. The state appealed the award of attorney fees. The Court allowed the amicus curiae to file a brief.

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEY FEES.

The state asserts that the trial court abused its discretion in awarding Jardine attorney fees. We disagree.

■ Preliminarily, we restate the standard a trial court is to use in considering an award of attorney fees in a condemnation case. In *Ada County Highway Dist. v.*

*Acarrequi*, 105 Idaho 873, 673 P.2d 1067 (1983), the Court concluded that "an award of reasonable attorneys' fees to [a] condemnee in an eminent domain proceeding is a matter for the trial court's guided discretion and ... such award will be overturned only upon a showing of abuse." *Id.* at 877, 673 P.2d at 1071. In *Acarrequi*, the Court also listed "some factors which the trial court should consider in exercising that discretion," which the Court said "are matters for consideration and not rigid guidelines within which a trial court is required to operate." *Id.* The Court also said that in deciding whether to award attorney fees, the trial court "should" consider the following factors:

(1) "a condemnor should have reasonably made a timely offer of settlement of at least 90 per cent of the ultimate jury verdict;"

(2) "an offer would not be timely if made on the courthouse steps an hour prior to trial;" and

(3) "[a]n offer should be made within a reasonable period after the institution of the action to relieve the condemnee not only of the expense but of the time, inconvenience and apprehension involved in such litigation, and also to eliminate the cloud which may hang over the condemnees title to the property."

*Id.* at 878, 673 P.2d at 1072.

■ In *Acarrequi*, the Court also said that the trial court "may" consider the following factors in making its decision whether to award attorney fees:

(1) "any controverting of the public use and necessity allegations;"

(2) "the outcome of any hearing thereon;"

(3) "any modification in the plans or design of the condemnor's project resulting from the condemnee's challenge;" and

(4) "whether the condemnee voluntarily granted possession of the property pending resolution of the just compensation issue."

*Id.*

The Court also pointed out that I.R.C.P. 54(e)(1) concerning the standard for award-

ing attorney fees was not applicable because it was not in effect at the time the condemnation suit was filed. *Id.* at 876, 673 P.2d at 1070. I.R.C.P. 54(e)(1) begins by stating: "In any civil action the court may award reasonable attorney fees to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract." I.R.C.P. 54(d)(1)(B) provides:

In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

In *State v. Ivan H. Talbot Family Trust,* 120 Idaho 825, 829, 820 P.2d 695, 699 (1991), the Court said that in addressing an award of attorney fees in a condemnation case, "in addition to considering the *Acarrequi* guidelines, the trial court must apply I.R.C.P. 54(d)(1)(B) to determine the prevailing party." This was necessary because I.R.C.P. 54(d)(1)(B) was not applicable to the consideration of attorney fees in *Acarrequi* since I.R.C.P. 54(e)(1), which incorporates the means of determining prevailing party contained in I.R.C.P. 54(d)(1)(B), was not in effect at the time the condemnation action was filed. In *Talbot,* the Court merely noted that I.R.C.P. 54(d)(1)(B) is now applicable to attorney fee awards, as it was to cost awards in *Acarrequi.*

In the present case, the trial court concluded that *Talbot* conflicts with *Acarrequi,* because "*Talbot* suggests that the court can measure the issue of prevailing party under IRCP 54(d)(1)(B) by comparing the relief obtained with the relief sought by the property owner." The trial court then stated: "It is apparently permissible under the analysis in *Talbot* to consider the court house steps offers." Our reading of *Talbot* differs from the trial court's. We read *Talbot* merely to point out that, to the extent the provisions of I.R.C.P. 54(d)(1)(B) are not in conflict with the *Acarrequi* factors, the trial court must consider the provisions of I.R.C.P. 54(d)(1)(B). Considering "courthouse steps" offers would conflict with *Acarrequi.* Therefore, *Talbot* does not require a trial court in applying I.R.C.P. 54(d)(1)(B) to do so.

We turn now to whether the trial court abused its discretion in awarding Jardine attorney fees as the prevailing party. In determining whether a trial court has abused its discretion, we engage in a three-step analysis: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

■ In the present case, the trial court stated that the decision whether to award attorney fees was within its guided discretion, acted within the outer boundaries of its discretion, and reached its decision by an exercise of reason. The only question remaining is whether the trial court acted consistently with the applicable legal standards by refusing to consider the state's offer of $230,000.

■ The state contends that the trial court should have taken its $225,000 and $230,000 offers into account in making its prevailing party determination because Jardine did not divulge her expert's valuation of the land until just prior to trial. The state argues that until that time, it did not have the information needed to make another offer. This begs the question. Not only did the state have its own appraiser, but, as *Acarrequi* points out, the state should have made Jardine an offer of at least ninety per

cent of the ultimate jury verdict within a reasonable period after the institution of the action. 105 Idaho at 878, 673 P.2d at 1072. The $150,000 offer was only approximately eighty-two per cent of the $182,200 jury verdict.

The trial court did not consider the state's offers of $225,000 and $230,000 just a few days before trial in deciding whether to award Jardine attorney fees because these offers were made within ninety days prior to trial. We note that these offers were also made more than eight months after the state filed its condemnation action. The trial court stated that by the time the state made these offers, Jardine had already been required to go to the expense of fully preparing for trial and that even if Jardine had accepted either of these offers, the costs of preparing for trial, together with the attorney fees, would have netted Jardine little more than the original $150,000 offer. The trial court applied the *Acarrequi* factors in reaching its decision. The trial court also compared the judgment Jardine received and Jardine's last demand, concluding that the difference was not so great that it should overcome the result the trial court reached in applying the *Acarrequi* factors. This is the type of consideration *Talbot* contemplated and does not conflict with *Acarrequi*, which refers to offers of the condemnor.

Therefore, we conclude that the trial court acted consistently with the legal standards applicable to the specific choices available to it and did not abuse its discretion in awarding Jardine attorney fees.

▇ For clarification and future guidance, we point out that the trial court's refusal to consider the state's offers within ninety days before trial is merely an application of *Acarrequi's* direction that the condemnor's offer is not timely unless made within a reasonable period after the filing of the condemnation action. By our decision, we do not intend to impose the ninety-day period as a specific time factor that a trial court must consider. Each case will depend on its own circumstances. The decision on the effect of those circumstances is for the trial court to make in its discretion.

▇ The state also contends that the trial court abused its discretion by not considering the cost of modifying the ditch as an addition to its $150,000 offer. The state's offer of $150,000, taken in consideration with the additional $97,220 cost of creating an underground pipe, would make the state's pre-litigation offer more than ninety per cent of the jury verdict. Under *Acarrequi*, this would be a strong consideration in the trial court's decision about who was the prevailing party. 105 Idaho at 878, 673 P.2d at 1072. There is no indication in the record that the state conditioned the modification of the ditch on Jardine's acceptance of its settlement offer or that the state ever withdrew its agreement to modify the ditch. Therefore, we conclude that the modification of the ditch was not part of a settlement offer, and the trial court did not abuse its discretion in not considering it as an addition to the state's $150,000 offer.

## III.

## JARDINE IS ENTITLED TO ATTORNEY FEES ON APPEAL.

Jardine asserts that she is entitled to attorney fees on appeal. We agree.

▇ *Acarrequi* created a basis for the discretionary award of attorney fees "to the condemnee without a showing and finding that the action was brought and pursued 'frivolously, unreasonable or without foundation,' " as required under I.C. § 12–121 and I.R.C.P. 54(e)(1). 105 Idaho at 876–77, 673 P.2d at 1070–71. The Court said that one of the rationales for this approach is to relieve the condemnee of the expense of defending against the condemnation where the condemnee is determined to be the prevailing party. *Id.* at 878, 673 P.2d at 1072. Otherwise, a condemnee who is determined by the trial court to be a prevailing party will be deprived of part of the just compensation to which the condemnee is entitled. Idaho Const. art. I, § 14; I.C. § 7–711. *See also Rawson–Works Lumber Co. v. Richardson*, 26 Idaho 37, 46, 141 P. 74, 76 (1914) ("It has been established by the decisions of this court and is well supported by the principles

of justice and the constitution that the condemnor must pay just compensation for the property taken and must pay all costs necessarily incurred in the condemnation proceedings.") Therefore, because the trial court determined that Jardine was the prevailing party and awarded attorney fees and because we have upheld that award, we award Jardine attorney fees on appeal.

## IV.

## CONCLUSION

We affirm the trial court's award of attorney fees to Jardine.

We award Jardine costs and attorney fees on appeal.

TROUT, C.J., and McDEVITT, SILAK and SCHROEDER, JJ., concur.