130 P.3d 1118

CITY OF McCALL, an Idaho municipal corporation, Plaintiff–Appellant–Cross Respondent,

v.

J.P. SEUBERT and Cherie Seubert, husband and wife, Defendants–Respondents–Cross Appellants,

and

Clearwater Concrete, Inc., Valley Paving & Asphalt, Inc., and Seubert Excavators, Inc., Intervenors–Respondents–Cross Appellants.

No. 31191.

Supreme Court of Idaho, Boise, December 2005 Term.

Feb. 24, 2006.

582

William A. McCurdy, Boise, for appellant.

Millemann Pittenger McMahan & Pemberton, LLP, McCall, for respondents. Steven J. Millemann argued.

TROUT, Justice.

The City of McCall (City) appeals from a trial court judgment entered in accordance with a jury verdict in an eminent domain proceeding, awarding taking and severance damages to the property owners, J.P. Seubert[1] and Cherie Seubert (Seubert), and business damages to Clearwater Concrete, Inc. (Clearwater) and Valley Paving & Asphalt, Inc. (Valley), two businesses located on the Seubert property.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant Seubert owns an approximately fifty-acre parcel of land in the City of McCall, which contains considerable sub-surface gravel and sand mineral deposits. Since the early 1990's, Clearwater and Valley, two closely-held family businesses, in which Seubert owns a substantial shareholder interest, have operated a concrete plant and asphalt plant on the Seubert property. In March 2003, the Idaho Transportation Department (ITD) and the City brought a quick-take action against Seubert to condemn a 3.82–acre strip of property that would enable the ITD to continue a roadway project, using the condemned land. Because the strip taken for the roadway ran directly through Clearwater's and Valley's existing operating platforms, the businesses sought to intervene as parties in the condemnation case and were ultimately permitted to do so; Clearwater and Valley (collectively, Intervenors) asserted claims for business damages in connection with the proposed condemnation.

The parties were unable to agree on a reasonable amount of just compensation for the taking and, therefore, this issue was tried to a jury. After a six-day trial, the jury awarded Seubert taking and severance damages of $546,726; Clearwater, $150,191.88 in business damages for relocation costs; and Valley, $333,966.12 in business damages for relocation costs and for the expense of widening the City's roadway to include additional lanes in order for trucks to safely access the Seubert property. The trial court entered a judgment in accordance with the verdict.

Seubert and Intervenors then filed a joint motion for attorney fees, costs and prejudgment interest. The court awarded Seubert and Intervenors $135,000 in attorney fees, costs allowed as a matter of law and prejudgment interest, but denied their request for discretionary costs. The City filed a variety of post-trial motions, including a motion for judgment notwithstanding the verdict and for a new trial, all of which were denied by the district court.

The City appeals the awards to Seubert and Intervenors. First, the City argues that Intervenors do not have a recognizable property interest that would entitle them to business damages. Next, the City contends that the jury overvalued Seubert's property and, therefore, the trial court erred in denying the City's motion for a new trial. The City also contends that it should be granted a new trial because the trial court abused its discretion in excluding and permitting certain witnesses' testimony at trial. Finally, the City

1. Although still named as a defendant, J.P. Seu-       bert died during the course of these proceedings.

584

claims that the trial court erred in awarding Seubert and Intervenors prejudgment interest, attorney fees and costs as a matter of right. On cross-appeal, Seubert and Intervenors argue the trial court erred in denying their claim for discretionary costs.

## II.

## STANDARD OF REVIEW

■ "The determination of the meaning of a statute and its application is a matter of law over which this Court exercises free review." *Woodburn v. Manco Prods., Inc.*, 137 Idaho 502, 504, 50 P.3d 997, 999 (2002). In order to grant a new trial pursuant to I.R.C.P 59(a)(6) on the ground of insufficiency of the evidence to justify the verdict or other decision, or that it is against the law, the trial court must determine both (1) the jury verdict is against the clear weight of the evidence, and (2) a new trial would produce a different result. *Heitz v. Carroll*, 117 Idaho 373, 788 P.2d 188 (1990). When considering an appeal from a district court's ruling on a motion for new trial, this Court applies the abuse of discretion standard. *Richard J. and Esther E. Wooley Trust v. DeBest Plumbing, Inc.*, 133 Idaho 180, 183, 983 P.2d 834, 837 (1999).

## III.

## ANALYSIS

**1. Intervenors' business damages**

*a. Claim for business damages*

■ Idaho Code § 7–711 sets forth the requirements a business must meet in order to make a claim for business damages in an eminent domain proceeding. I.C. § 7–711(2) allows "damages to any business qualifying under this subsection having more than five (5) years' standing which the taking of a portion of the property and the construction of the improvement in the manner proposed by the plaintiff may reasonably cause." There are two independent ways to qualify under I.C. § 7–711(2): "[T]he business must be owned by the party whose lands are being condemned *or* be located upon adjoining lands owned or held by such party." (emphasis added).

The City argues Intervenors are not entitled to business damages under I.C. § 7–711 because they have no legally compensable interest in the underlying property. Because they do not own the property and do not have a written lease or agreement with Seubert to remain on the land, the City contends Intervenors have a mere unilateral expectation to continue to use the property or, at-most, a month-to-month lease.

■ At the outset, this Court notes that the City's characterization of Intervenors as mere lessees with no right to remain on the property ignores the factual circumstances of this case, i.e., for over a decade, the Seubert family has made substantial expenditures of time and money to build and maintain the asphalt and concrete plants on the Seubert property in order to capitalize on the subsurface sand and mineral deposits. The City offers no evidence that these family-run businesses will not continue on the Seubert property for the indefinite future. Despite that, the City's argument that an interest in remaining on the land sufficient to claim business damages must be proven by a written lease or agreement attempts to import a requirement into the statute that does not exist. A business need only meet the statutory requirements of I.C. § 7–711 in order to make a claim for damages resulting from a taking of the underlying property. "The right to receive business damages ... resulting from a taking of land is strictly a statutory right...." 29A C.J.S. Eminent Domain § 150 (2004).

■ Intervenors fall squarely within the parameters of I.C. § 7–711. There is no question that Intervenors have been on the Seubert property for over five years. In addition, both Valley and Clearwater qualify under subsection (2) of I.C. § 7–711. Valley satisfies the first prong of I.C. § 7–711(2) that allows compensation to be paid to a business "owned by the party whose lands are being condemned." Valley is effectively owned by Seubert as Cherie Seubert is the majority shareholder of Valley and thereby controls the corporation. A majority shareholder in a corporation is in effect the owner

of the corporation. *Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.*, 127 Idaho 41, 896 P.2d 949 (1995). Clearwater satisfies the second prong of I.C. § 7–711(2), which requires that the business be located on land immediately adjoining the condemned piece of property and on land owned by the condemnee, Seubert. Clearwater is located on a remaining portion of Seubert's property, which is immediately adjacent to the condemned land. Valley and Clearwater clearly meet the requirements of I.C. § 7–711 and therefore, are entitled to make a claim for business damages.

### b. Relocation costs under I.C. 7–711(2)(b)

■ Next, the City argues that I.C. § 7–711(2)(b) explicitly precludes an award of relocation costs. I.C. § 7–711(2)(b) states in pertinent part: "[B]usiness damages under this subsection shall not be awarded if the loss can reasonably be prevented by a relocation of the business or by taking steps that a reasonably prudent person would take...." The City narrowly reads this language to mean that only business damages as a result of not being able to relocate would be awarded under I.C. § 7–711(2)(b).

Idaho Code § 7–711 does not attempt to define or limit what damages are allowable under the statute, but rather refers to damages generally, providing for damages to any business "which the taking of a portion of the property ... may reasonably cause." I.C. § 7–711(2). The language in I.C. § 7–711(2)(b), on which the City relies, does not preclude an award of relocation costs. It merely serves to prevent a business from sitting on the condemned property and claiming business damages that could have been mitigated by relocating. In this case, Intervenors had no choice but to relocate, as the City built a roadway through their existing business operations. Moreover, because of the permits obtained by Intervenors to operate on the Seubert property and the availability of sub-surface sand and gravel at the existing site, it was only logical that Intervenors relocate to other portions of the Seubert property rather than move elsewhere.

■ The relocation costs awarded by the jury included the cost of moving the business operations to other portions of the Seubert property and the expense of widening the City's roadway to include additional lanes so that trucks could access the property safely, which became necessary because of the 11–foot drop between the City's new roadway and the surrounding Seubert property. There is no reason that these relocation expenses should not be included as part of the business damages, as they are "reasonably cause[d]" by the taking.

### c. Business records

■ Finally, the City argues that Intervenors did not satisfactorily prove their business damages because they did not submit all of their business records to the jury. The City claims this violates I.C. § 7–711(2)(iii), which provides in part: "defendant shall also provide the plaintiff with copies of the defendant's business records that substantiate the good faith offer to settle the business damages claim." It is undisputed that all required records were timely provided to the City and therefore, Intervenors fulfilled their obligations under I.C. § 7–711(2)(iii); it does not require that the business records be presented to the jury.

### 2. Valuation of the Seubert Property

■ The City argues that this Court should grant a new trial to determine the value of the Seubert property because the jury improperly relied on the flawed methodology of Seubert's appraisal expert, Mark Richey, in awarding her damages. Richey's methodology, however, was not flawed, just different. "[W]eighing the testimony of expert witnesses is uniquely within the competence of the trier of fact." *Rueth v. State,* 103 Idaho 74, 78, 644 P.2d 1333, 1337 (1982). "The information, theory or methodology upon which the expert's opinion is based need not be commonly agreed upon by experts in the field, but it must have sufficient indicia of reliability to meet I.R.E 702 requirements." *State v. Konechny,* 134 Idaho 410, 417, 3 P.3d 535, 542 (Ct.App.2000); *Accord, Rueth* at 78, 644 P.2d at 1337 (holding in an inverse condemnation case, where each side's expert presented differing opinions to the trial court based on differing methodolo-

gies, that it was in the sound discretion of the trial court to accept or reject each expert's opinion). This case presents a clear example of each party's expert using different methodologies to arrive at the valuation of the property.

A review of the trial transcript indicates there is support for Richey's valuation methodologies and opinion. The fact that his opinion was disagreed with by the opposing experts does not call his conclusions into question and the City presents no other argument as to why Richey was not a qualified expert. In essence, the City merely argues that *its* expert's appraisal of the Seubert's property is more reliable than Seubert's and, therefore, the jury erred in relying on Seubert's expert's valuation of the land. It is within the province of the jury, however, to weigh the testimony of witnesses and there is nothing to suggest the jury's consideration of Richey's testimony was improper. The district judge found more than sufficient evidence to support the jury's verdict and therefore it was not an abuse of discretion to deny the City's motion for new trial.

### 3. Exclusion of Witnesses and Allowance of Rebuttal Testimony

The City argues it is entitled to a new trial because the trial court legally erred by excluding the testimony of the City's witness, Darius Bruce, who the City sought to call in rebuttal. The City also argues the trial court erred in allowing Seubert and Intervenors to present three witnesses in rebuttal to the City's rebuttal testimony.

#### a. Exclusion of City's Witness Darius Bruce

"Whether the trial court should have excluded witnesses is reviewed under an abuse of discretion standard." *State v. Cardell*, 132 Idaho 217, 219, 970 P.2d 10, 12 (1998). To determine if there has been an abuse of discretion, this Court applies the following three factors: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Dillon v. Montgomery*, 138 Idaho 614, 617, 67 P.3d 93, 96 (2003).

Based upon his expertise as someone involved in the design and construction of highways, the City sought to have Bruce testify to rebut one of the Intervenors' witnesses regarding the necessity of building the additional lanes to access the Seubert property. The district judge, however, after weighing the prejudice to both sides, did not allow Bruce to testify because of the late disclosure as a witness. Bruce was disclosed only one week prior to trial, well beyond the time the parties agreed upon for disclosure of witnesses and the trial court's deadline. Moreover, the City never gave any reason for the late disclosure, but rather attempted to argue that Bruce was simply a rebuttal witness. The fact remains, however, that Seubert and Intervenors disclosed their witnesses and the substance of their witness' testimony over a month prior to trial. Therefore, the City was well aware of the type of rebuttal testimony it might need and clearly could have disclosed Bruce at that time. In *State v. Miller*, this Court impliedly recognized that the prejudice resulting from late disclosure may be greater when the witness is an expert. 133 Idaho 454, 457, 988 P.2d 680, 683 (1999); *see, e.g., Bramwell v. South Rigby Canal Co.*, 136 Idaho 648, 652, 39 P.3d 588, 592 (2001) (holding the trial court did not abuse its discretion in excluding expert testimony as the witnesses "were not disclosed until 12 days prior to trial" and "there was no legitimate excuse for the late disclosure . . . .").

The trial court did not abuse its discretion in excluding Bruce's testimony as it was aware that this was an issue of discretion, it acted within the boundaries of its discretion by weighing the prejudice to the Intervenors resulting from the late disclosure and the prejudice to the City and it articulated its reasoning for the ruling.

#### b. Testimony of Seubert and Intervenors' Rebuttal Witnesses

"The standard of review of a trial court's decision regarding the admission of

evidence in rebuttal is one of deference to the trial court. Decisions regarding the admission of evidence are reversed only upon a showing of an abuse of discretion." *Van Brunt v. Stoddard*, 136 Idaho 681, 686, 39 P.3d 621, 626 (2001) (internal citations omitted). The trial court allowed Seubert and Intervenors to call three witnesses to rebut the testimony of the City's geological expert who was called during the City's rebuttal. The City argues that the rebuttal evidence was simply a repeat of Seubert and Intervenors' defense case-in-chief.

The trial judge recognized that allowing the rebuttal testimony was an issue of discretion. It is also clear that the trial judge understood the permissible scope of rebuttal testimony as he specifically addressed the City's concern at trial that the rebuttal witnesses would just rehash prior testimony, carefully limiting the testimony to that which had not already been presented to the jury. The City points to nothing indicating the district judge improperly allowed in repetitive evidence.

### 4. Prejudgment interest

The City contends that the trial court erred in awarding Seubert and Intervenors prejudgment interest from the date the summons was issued, arguing it is inequitable to allow Seubert and Intervenors both possession of the property and interest on damages prior to conceding possession. I.C. § 7–712 clearly states, however, that: "[T]he compensation and damages awarded shall draw lawful interest from the date of the summons." The district judge did not err in awarding prejudgment interest from the date of the summons, in reliance on the plain language of I.C. § 7–712.

### 5. Seubert's and Intervenors' costs as a matter of right and attorney fees

*a. Memorandum of Costs under Rule 54(d)(5)*

First, the City argues that Seubert's and Intervenors' combined Motion for Costs was not timely filed under Rule 54(d)(5), which states:

(5) Memorandum of Costs. At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, *but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment.* Such memorandum must state that to the best of the party's knowledge and belief the items are correct and that the costs claimed are in compliance with this rule. *Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs.* A memorandum of costs prematurely filed shall be considered as timely.

(emphasis added).

Seubert and Intervenors filed a combined Motion for Attorney's Fees, Costs and Prejudgment Interest on February 27, 2004, which included a detailed list of discretionary costs. In this motion, Seubert and Intervenors requested costs as a matter of right but did not provide a detailed list of what these costs were. The City contends that because this motion did not provide an itemized list of the costs as a matter of right, Seubert and Intervenors waived their right to these costs.

On March 15, 2004, however, Seubert and Intervenors filed a second combined Memorandum of Costs and Attorneys Fees, which included a detailed list of costs as a matter of right. On March 24, 2004, the district judge signed a judgment based upon the jury's verdict, which was filed in court the following day. The rule clearly states that a memorandum in support of costs must be served not later than 14 days after entry of judgment in order to be timely filed. Seubert's and Intervenors' Memorandum was timely.

*b. Reasonableness of attorney fees*

Next, the City argues that the attorney fees award was unreasonable. "The calculation of reasonable attorney fees is within the discretion of the trial court. The burden is on the person disputing the award to show an abuse of discretion." *Perkins v. U.S. Transformer W.*, 132 Idaho 427, 429, 974 P.2d 73, 75 (1999) (internal citation omitted). The court awarded $135,000 for 756.58 hours

of work, which amounts to $178.43 per hour. The City merely alleges that the rates are excessive for the McCall area and the judge should not have based the amount of fees on the "reputation of the law firm and the amount of the verdict."

I.R.C.P. 54(e)(3) lists factors a court should consider when determining the amount of attorney fees to award and explicitly states that the court should consider "(C) [t]he skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law" and "(G) [t]he amount involved and the results obtained." *See Ada County Highway Dist. v. Acarrequi,* 105 Idaho 873, 673 P.2d 1067 (1983) (setting forth factors to consider in awarding attorney fees). Accordingly, the trial court appropriately took into consideration the skills of the attorney and the law firm and the amount of the verdict. There was no abuse of discretion, as the trial court addressed each factor set forth in I.R.C.P. 54(e)(3) and in the *Acarrequi* case in determining the amount of fees and there is nothing to suggest the fees are excessive.

### c. *Affidavit in support of reasonable attorney fees*

■ Finally, the City argues that a Boise attorney's affidavit in support of the reasonableness of Seubert's and Intervenors' request for attorney fees should be stricken because it was not timely filed and because the affidavit is irrelevant, lacks foundation and is based on hearsay. After Seubert and Intervenors filed their motion for attorneys fees, the City objected, claiming the fees were unreasonable. It was only at that point that Seubert and Intervenors submitted the supporting affidavit in support of their request for attorney fees. There is nothing in I.R.C.P. 54 preventing a party from later providing additional support for its costs as long as the original memorandum is timely filed. The City's arguments that the affidavit is irrelevant, lacking in foundation and based upon hearsay are likewise without merit, particularly in light of the district judge's statement that he would consider the affidavit and "give it the weight to which [he] think[s] it's entitled."

### 6. Seubert's and Intervenors' discretionary costs

■ On cross-appeal, Seubert and Intervenors appeal the trial court's denial of their claim for discretionary costs. "The grant or denial of discretionary costs is 'committed to the sound discretion of the trial court,' and will only be reviewed by an appellate court for an abuse of that discretion." *Fish v. Smith,* 131 Idaho 492, 493, 960 P.2d 175, 176 (1998) (quotation omitted). I.R.C.P. 54(d)(1)(D) provides that additional costs "may be allowed upon a showing that said costs were necessary and exceptional costs reasonably incurred." The trial court denied Seubert's and Intervenors' request for discretionary costs, concluding that although the costs were for the most part reasonable and necessary, the costs were not exceptional. While Seubert and Intervenors agree their case may not be exceptional when compared to other condemnation cases, nevertheless they argue that multimillion dollar condemnation cases are exceptional in themselves, requiring extensive expert testimony and use of exhibits and models.

■ A court may evaluate whether costs are exceptional within the context of the nature of the case. *Hayden Lake Fire Prot. Dist. v. Alcorn,* 141 Idaho 307, 314, 109 P.3d 161, 168 (2005) (holding that the trial court's denial of expert fees was not an abuse of discretion where "the trial court considered the nature of [the] case as a class action and its effect on numerous Idaho businesses and found that although expert witnesses were necessary and their fees reasonable, the costs were not exceptional for a class action suit"); *accord, Fish,* 131 Idaho at 493–94, 960 P.2d at 175–76 (holding that the trial court's denial of expert witness fees was not an abuse of discretion where it found the costs were necessary and reasonable, but were not "exceptional" because "the vast majority of litigated personal injury cases ... routinely require an assessment of the accident and the alleged injuries by various sorts of doctors of medicine, accident reconstructionists, vocational experts ·and so on"). In this case, the trial court found that Seubert's and Intervenors' costs are "routine costs associated

with modern litigation overhead" in a condemnation case. The trial court did not abuse its discretion in denying the claim for discretionary costs.

 Seubert and Intervenors also argue that by denying necessary expenses of litigation in a condemnation case "the condemnee is left with substantially less than 'just compensation' even after a successful verdict" and is thereby penalized for going to trial. Seubert and Intervenors claim that "early Idaho cases clearly recognized the principle that a condemnee should not have to incur expenses in eminent domain proceedings." None of these cases, however, support the proposition that there should be *no limit* placed on what expenses a condemnee may be awarded. A condemnee is not automatically entitled to all costs incurred at trial.

 Finally, Seubert and Intervenors argue that I.C. § 12–117 provides an independent basis for awarding their discretionary costs because the City acted without a reasonable basis in fact or law. Contrary to this claim, the City presented valid legal arguments as to why Intervenors were not entitled to business damages and also offered expert testimony to support its valuation of the land and, therefore, I.C. § 12–117 is not a valid basis for an award of discretionary costs.

## 7. Amending the judgment

The City requests that this court alter or amend the judgment in response to the issues it raised above. After consideration of each of the City's issues, the Court concludes there is no basis to alter or amend the judgment.

## 8. Attorney fees on appeal

This Court denies the City's request for attorney fees because the City is not the prevailing party. Following our holdings in *Acarrequi*, 105 Idaho 873, 673 P.2d 1067 and *State v. Jardine*, 130 Idaho 318, 940 P.2d 1137 (1997), because we uphold the trial court's award of attorney fees to Seubert and Intervenors as the prevailing parties below, this Court awards respondents attorney fees on appeal.

## IV.

## CONCLUSION

This Court affirms the trial court's judgment entered in accordance with the jury verdict. Similarly, the trial court's award of prejudgment interest, attorney fees and costs as a matter of right to Seubert and Intervenors is affirmed. Seubert and Intervenors are awarded attorney fees and costs on appeal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.

