HORTON, J.,
specially concurring.
I join in the Court’s decision in all respects, save for Part 11(C). I join in the conclusion stated in that section of the opinion in which the Court holds that there was substantial evidence to support the jury’s verdict. However, I am unable to join in the analysis contained in that section to the extent that it evaluates the admissibility of the evidence presented by Mrs. Coombs. In view of the conclusion that there was substantial evidence supporting the jury’s verdict, the discussion of the admissibility of the evidence considered by the jury is merely dicta. Further, by engaging in the analysis of the admissibility of the evidence, I believe that the Court’s decision repeats the error committed by the trial court and creates potential confusion.
By way of explanation, I start with the trial court’s ruling on the doctors’ motion for j.n.o.v. The trial court’s memorandum opinion began by stating the applicable legal standards governing a motion for j.n.o.v. The trial court correctly stated the standard of reviewing governing such motions. However, when addressing whether substantial evidence supported the jury’s verdict, the trial court relied upon a statement found in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In Daubert, the United States Supreme Court held that in the federal courts, there are “conventional devices” available to the courts to address situations involving “shaky but admissible evidence.” Id. at 596, 113 S.Ct. at 2798, 125 L.Ed.2d at 484-85. The Daubert court identified directed judgments and summary judgment as such devices. Id. In Idaho, a motion for j.n.o.v. is simply treated as a delayed motion for a directed verdict, and the same standards are applied. Leavitt v. Swain, 133 Idaho 624, 628, 991 P.2d 349, 353 (1999); Quick v. Crane, 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986). It appears to me that the source of the trial court’s error was applying standards applicable to federal courts in reaching its decision.
In this state, the appellate courts and the trial courts apply an identical standard in evaluating a motion for j.n.o.v. Quick, 111 Idaho at 764, 727 P.2d at 1192. As noted in Part 11(B) of the decision, Idaho courts are “bound by the record” and may not retrospectively deem evidence presented to the jury to have been inadmissible and then, based upon a consideration of the remaining evidence, determine whether there was substantial evidence supporting the verdict. This stands in stark contrast to the federal approach, wherein the appellate courts are permitted to do otherwise. Weisgram v. Marley Co., 528 U.S. 440, 457, 120 S.Ct. 1011, 1022, 145 L.Ed.2d 958, 973 (2000) (holding “that the authority of courts of appeals to direct the entry of judgment as a matter of law extends to cases in which, on excision of testimony erroneously admitted, there remains insufficient evidence to support the jury’s verdict”).
The trial court’s reliance on the procedural principle articulated in Daubert explains why the trial court analyzed the sufficiency of the evidence presented to the jury in terms of the admissibility of that evidence, ultimately concluding that the evidence was not reliable and therefore did not constitute substantial evidence upon which the jury’s verdict could rest. This was error. I believe that the portion of this Court’s opinion that similarly addresses the admissibility of Dr. Hammer’s opinion testimony replicates that error and potentially creates confusion as to the standard of review applicable to motions for a direct verdict or j.n.o.v.
By moving for j.n.o.v., the doctors “necessarily admitted the truth of all of the plaintiffs’ evidence and every legitimate inference that could be drawn therefrom in the light most favorable to the plaintiff.” Quick, 111 Idaho at 763, 727 P.2d at 1191 (citing Stephens v. Stearns, 106 Idaho 249, 252-53, 678 P.2d 41, 44-45 (1984)). In my view, the critical facts identified in Part 11(C) that require this Court to uphold the jury’s verdict are simply these: (1) Dr. Hammer expressed and explained his opinion that the *149 administration of Propofol was the cause of Michael’s death; and (2) Dr. Hammer expressed and explained his opinion that the doctors breached the applicable standard of health care practice. This was substantial evidence; once presented to the jury, it was up to the jurors to accept or reject Dr. Hammer’s opinions, as “[w]eighing the testimony of expert witnesses is uniquely within the competence of the trier of fact.” City of McCall v. Seubert, 142 Idaho 580, 585, 130 P.3d 1118, 1123 (2006) (quoting Rueth v. State, 103 Idaho 74, 78, 644 P.2d 1333, 1337 (1982)).[25]

. Indeed, our standard jury instruction advises jurors: "The law does not require you to believe all of the evidence admitted in the course of the trial. As the sole judges of the facts, you must determine what evidence you believe and what weight you attach to it.” IDJI 1.00.