HORTON, J.,
concurring.
I join in the Court’s opinion. I write separately in response to the dissent and because the majority opinion is much longer than it needs to be. Although the dissent had advanced powei’ful arguments as to why Tegarden’s testimony ought not have been admitted, the Commission does not assert that the district court erred by admitting the testimony. Rather, the Commission argues that the district court erred by relying on that testimony. This argument fails to acknowledge the limited role of an appellate court.
Following trial, the district court found that Tegarden’s testimony was more persuasive than that offered by the Commission. When this Court reviews a district court’s determination of the value of a utility’s operating property following a trial de novo, this Court must “defer to the district court’s findings of fact that are supported by substantial evidence.” Idaho Power Co. v. Idaho State Tax Comm’n, 141 Idaho 316, 321, 109 P.3d 170, 175 (2005). Stated differently, this Court will set aside the district court’s factual findings only if they are clearly erroneous. McCormick, Int’l USA, Inc. v. Shore, 152 Idaho 920, 923, 277 P.3d 367, 370 (2012); I.R.C.P. 52(a).
I find it noteworthy that the Commission did not acknowledge the standard of review applicable to this appeal until oral argument. *774 The phrases “substantial evidence” and “clearly erroneous” are nowhere to be found in its briefing. This glaring omission undoubtedly reflects the Commission’s recognition that application of the governing standard of review dictates that PaeifiCorp must prevail in this appeal. This inevitable result reflects two fundamental propositions: The valuation of PaeifiCorp’s operating property is a matter of expert opinion; and this Court is not free to second-guess the district court’s determination that PacifiCorp’s expert was more credible than those of the Commission. The balance of this concurrence merely explains the legal basis for these two propositions.
All pertinent sources of Idaho law — statutory, administrative rules and our previous decisions — recognize that placing a value on property is an exercise in professional judgment. The Idaho Code states that “ ‘Appraisal’ or ‘real estate appraisal’ means an analysis, opinion or conclusion relating to the value, nature, quality, or utility of specified interests in, or aspects of, identified real estate.” I.C. § 54-4104(1). The administrative rules governing assessment of operating property expressly recognize that the appraisal report will reflect the appraiser’s opinions. IDAPA 35.01.03.405.08 (2007) explains: “Reconciliation, also called correlation, is an opinion regarding the weight that should be placed on each approach. The appropriate weight to be given each indicator is based on the appraiser’s opinion of the inherent strengths and weaknesses of each approach and the data utilized.” (emphasis added). These rules also expressly confer discretion upon the appraiser to exercise judgment when arriving at a valuation. IDAPA 35.01.03.405.05 (2007), addressing the cost approach, provides “the appraiser may consider replacement, reproduction, original or historical cost.” (emphasis added). IDA-PA 35.01.03.405.05.b (2007), provides that “[cjonstruction work in progress may be considered in the cost approach” and IDAPA 35.01.03.405.05.C (2007) states that “[i]f obsolescence is found to exist, it may be considered in the cost approach.” (emphasis added).
In Idaho State Tax Comm’n v. Staker, 104 Idaho 734, 737-38, 663 P.2d 270, 273-74 (1982), this Court quoted the Arizona Court of Appeals’ summation in State v. Rella Verde Apts. Inc., 25 Ariz.App. 458, 544 P.2d 675, 681 (1976): “Appraising is not an exact science, it is merely an estimate of value.” Thus, evidence of valuation of property is the province of experts.
As previously noted, the Commission does not assert that the district court erred by admitting Tegarden’s testimony. Rather, the Commission invites this Court to conclude that the district court erred by relying on that testimony. This Court is not free to do so. “Once an expert’s opinion is admitted, it is up to the trier of fact to weigh the opinion against any conflicting testimony. City of McCall v. Seubert, 142 Idaho 580, 585, 130 P.3d 1118, 1123 (2006).” Coombs v. Curnow, 148 Idaho 129, 137, 219 P.3d 453, 461 (2009). The citation in Coombs to City of McCall is significant, because there, the City made virtually the same argument as the Commission has advanced and we rejected the argument.
The City argues that this Court should grant a new trial to determine the value of the Seubert property because the jury improperly relied on the flawed methodology of Seubert’s appraisal expert, Mark Richey, in awarding her damages. Richey’s methodology, however, was not flawed, just different. “[WJeighing the testimony of expert witnesses is uniquely within the competence of the trier of fact.” Rueth v. State, 103 Idaho 74, 78, 644 P.2d 1333, 1337 (1982).
City of McCall, 142 Idaho at 585, 130 P.3d at 1123. This Court rejected the City’s position, stating: “In essence, the City merely argues that its expert’s appraisal of the Seubert’s property is more reliable than Seubert’s and, therefore, the jury erred in relying on Seubert’s expert’s valuation of the land.” Id. at 586, 130 P.3d at 1124 (emphasis original). This Court could simply substitute party names in this appeal to arrive at the same conclusion.
Further, our decision in City of McCall is notable for its reliance on the earlier decision in Rueth, because that opinion is instructive as to the conclusion that this Court must reach. In Rueth, this Court noted that factu *775 al findings of a trial court will only be overturned if clearly erroneous, adding: “This standard of appellate review is salutory in effect, and reflects the view that deference must be afforded to the special opportunity to assess and weigh the credibility of the witnesses who appear before it personally.” Rueth, 103 Idaho at 77, 644 P.2d at 1336 (citing Jensen v. Bledsoe, 100 Idaho 84, 593 P.2d 988 (1979)). After discussing the differing opinions advanced by the parties’ respective expert witnesses, this Court concluded:
The Department’s argument overlooks the fact that weighing the testimony of expert witnesses is uniquely within the competence of the trier of fact____In this case, the district court’s decision not to follow [the Department’s expert -witness’s] testimony completely, although disappointing to the Department, does not render its findings of fact clearly erroneous. Simply stated, each side’s expert presented differing opinions to the district court based on differing methodologies, and it was within the sound discretion of the district court to accept or reject each expert’s opinions.
Id. at 78, 644 P.2d at 1337.
The Commission could only prevail in this appeal if this Court abandoned our constitutional role as an appellate court and became a trial court. Today’s decision reflects this Court’s unwillingness to do so.
Justice EISMANN concurs.