## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50220

CHRIS CANNON,

    Plaintiff-Counterdefendant-
    Appellant,

v.

JERAME TEEL, TEEL COLLISION
CENTER, L.L.C., and TEEL AUTO
BODY & CUSTOMS, INC.,

    Defendants-Counterclaimants-
    Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 1, 2023

Melanie Gagnepain, Clerk

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment imposing vehicle storage fees in civil action, <u>affirmed</u> in <u>part</u>, <u>vacated</u> in <u>part</u>, and <u>case</u> <u>remanded</u>.

Baker & Harris; Jared M. Harris; Blackfoot, for appellant. Jared M. Harris argued.

M. Brent Morgan, Chtd.; M. Brent Morgan, Pocatello, for respondent. M. Brent Morgan argued.

_____

LORELLO, Chief Judge

Chris Cannon appeals from a judgment which, in relevant part, imposed storage fees on his vehicle as well as the district court's denial of his motion to reopen discovery. Teel Auto Body & Customs, Inc. presents additional issues on appeal regarding the award of attorney fees and costs. We affirm in part, vacate in part, and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Cannon and Jerame Teel (Teel) attempted to reach an agreement whereby Teel would complete restoration work on Cannon's 1969 Chevrolet Camaro. It was estimated that the

1

work on the Camaro would cost $10,000. At that time, Teel was the "owner of all membership certificates and the managing and general manager" of Teel Collision Center, L.L.C. (Teel Collision). Thereafter, Cannon delivered the Camaro to Teel Collision. In addition, Cannon provided a 1967 Chevrolet Chevelle valued at $8,000 and $1,000 cash as payment for the contemplated services on his Camaro.

Between November 2017 and November 2019, Teel Collision employees performed restoration work on Cannon's Camaro. In January 2020, Teel Collision sent Cannon a demand for payment, which indicated the total restoration cost was $19,061.42, and advised that the Camaro restoration was complete. In February 2020, Teel Collision was dissolved and reorganized as Teel Auto Body & Customs, Inc. (Teel Auto Body)[1] with Teel as the "sole shareholder and general manager."[2]

Cannon did not attempt to make any payment as there was a disagreement regarding the restoration work. On July 20, 2021, however, Cannon and his attorney went to Teel Auto Body and demanded possession of the Camaro, at which time Cannon was advised that he had to pay the full amount due before he could take possession. Two days later, Teel Auto Body initiated lien foreclosure proceedings. Approximately one month later, on August 23, 2001, Cannon filed a complaint against Teel alleging claims for "Protection Order" (to prevent a lien sale of his Camaro) and "Return of Car." Cannon also requested attorney fees. After Teel filed an answer, Cannon filed an amended complaint, including Teel Collision and Teel Auto Body as additional defendants and adding a claim for "Injunction and Return of Car." Respondents filed an answer to Cannon's amended complaint, which included counterclaims by Teel and Teel Auto Body and a request for attorney fees.

On October 1, 2021, the district court entered a scheduling order, which set the trial date for March 15, 2022 (with a "backup trial date" of June 14, 2022), and provided the deadlines and expectations regarding the disclosure of expert witnesses. Cannon filed his expert witness disclosures on October 26, 2021. Respondents filed an objection on December 2, 2021, asserting

---

[1]     We will refer to Teel, Teel Collision, and Teel Auto Body, collectively, as Respondents.

[2]     The district court found Teel Auto Body "assumed all assets and liabilities" of Teel Collision upon the latter's dissolution and subsequent reorganization.

that Cannon's disclosures did not comply with the specificity requirements in I.R.C.P. 26(b)(4)(A)(i). More than six weeks later, on January 18, 2022, Cannon moved to amend his complaint a second time to add a breach of contract claim based on the alleged failure to "provide a show quality paint job" on the Camaro. Approximately one month later, Cannon filed a motion for leave to supplement his discovery responses "to fill in the missing information" regarding his expert witnesses and to "supplement" his "expert witnesses to add an expert to discuss the repainting or repair" of his Camaro. Respondents objected and the district court denied the motion. As a sanction for Cannon's discovery violations, the district court excluded any of Cannon's experts whose disclosures were not in compliance with the district court's scheduling order and the requirements of I.R.C.P. 26(b)(4)(A)(i). Cannon filed a motion to reconsider, which was denied.

The district court held a court trial on June 14, 2022. Following the trial, the district court entered findings of fact and conclusions of law, followed by a judgment. The district court found, in part, that "the total sum for the body work, restoration work and custom paint work performed by the Teel LLC, including materials and labor" totaled $19,061.42, of which Cannon has paid $9,000 "in trade and cash," with a remaining amount due of $10,061.42. However, the district court also found that there was no contract between Cannon and any of the Respondents because there was no meeting of the minds regarding contract terms. Based on this conclusion, the district court denied relief on any claim alleging a breach of contract. The district court also denied relief on Respondents' claim for unjust enrichment on the basis that Cannon had not been unjustly enriched because he does not have possession of the Camaro. The district court, however, found an implied in fact contract based on the conduct of the parties and entitlement to recovery of damages based on quantum meruit. Based on this theory, the district court awarded Teel Auto Body $10,061.42 in damages, which was based on "reasonable and necessary costs of labor and materials that were provided over and above the initial down payment of the Chevelle and $1000.00 in cash." The district court also awarded Respondents storage fees for the Camaro at a rate of $50 per day.[3] Because the district court found no agreement between the parties regarding

---

[3]     The $50 daily storage fee was based on testimony from Teel and his shop manager that this amount is customary. The district court also noted the absence of any testimony "contending that the daily amount of the storage fee was unreasonable."

storage fees, it based its award of storage fees on I.C. § 45-806, the lien statute for "garagemen." Related to this, the district court found Cannon "was first made aware of the storage fee through the lien sale documents that were mailed to him," which he received on August 2, 2021. The district court, therefore, awarded storage fees "beginning on August 3, 2021[,] and continuing until September 2, 2022" (the date the district court entered judgment), with storage fees continuing to accrue "until the vehicle is sold at auction after proper notice" or until Cannon "satisfies the judgment to be entered against him in full."

Teel Auto Body filed a post-judgment motion for costs and attorney fees which was denied by the district court based on its finding that there was no prevailing party nor was the action brought frivolously. Cannon appeals.

## II.

## STANDARD OF REVIEW

Discovery decisions, including sanctions, are reviewed under an abuse of discretion standard. *See City of McCall v. Seubert*, 142 Idaho 580, 586, 130 P.3d 1118, 1124 (2005). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). The burden to establish an abuse of discretion falls upon the appellant. *Priest v. Landon*, 135 Idaho 898, 900, 26 P.3d 1235, 1237 (Ct. App. 2001).

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011).

## III.

## ANALYSIS

### A.     Motion to Supplement Discovery

Cannon argues that the district court abused its discretion by denying his motion to supplement his discovery responses to include an expert witness to address the breach of contract claim alleged in his second amended complaint regarding the "show quality paint job" for the Camaro. Cannon contends that he had not seen the Camaro for a period of time and was therefore

4

unaware of the status of the paint job. Thus, according to Cannon he was unable to amend the complaint to include the breach of contract claim until he viewed the Camaro. Cannon further argues that the amendment necessarily required him to supplement his discovery response with an expert to testify as to the repair and/or corrective work needed to fix the paint job. Respondents argue that the district court did not abuse its discretion because Cannon did not comply with either the scheduling order or the discovery rule for expert witnesses and that the interests of justice did not require the district court to overlook Cannon's noncompliance. We hold that the district court did not abuse its discretion in denying Cannon's motion to supplement his discovery responses.

The district court's scheduling order required Cannon to disclose his expert witnesses no later than 140 days prior to trial and "in the manner and with the specificity required by I.R.C.P. 26(b)(4)(A)(i)." The scheduling order advised that the failure to comply with the witness disclosure requirement would result in the exclusion of the witness at trial, "unless allowed by the Court in the interest of justice." Although Cannon's original expert disclosure was timely, it did not comply with I.R.C.P. 26(b)(4)(A)(i) because it lacked the required specificity as noted in the Respondents' December 2, 2021, objection to the disclosure. Cannon acknowledges as much on appeal--recognizing that his "disclosures did not comply with all of the elements of I.R.C.P. 26(b)." Nevertheless, Cannon asked the district court to allow him to supplement his deficient disclosure with an additional witness and with the necessary detail. The district court rejected Cannon's request, concluding no good cause existed to excuse his noncompliance and nothing in his second amended complaint supported reopening discovery. The district court further determined the interests of justice did not "require it to overlook" Cannon's noncompliance, reasoning:

> [Cannon has] had adequate time to disclose his expert witnesses based on the length of time that his case has been pending and has failed to do so. The Scheduling Order and Rule 26(b)(4)(A)(i) of the I.R.C.P. would be rendered meaningless if the Court were to excuse [Cannon] from the requirements of its order and the discovery rule. The [Respondents] would be penalized by the dilatory approach taken by [Cannon]. Therefore, the Court fails to see how the interests of justice would be furthered if discovery were reopened and [Cannon's] late and incompletely disclosed expert witnesses were allowed to testify at trial.

The district court further observed that "disclosure of witnesses and information by the parties is a crucial aspect of our civil jury trial system because it prevents either party from using

ambush as a tactic to obtain a favorable outcome" and noted timely disclosure is necessary to allow "parties to conduct expert witness discovery in a timely fashion before trial." Cannon's argument on appeal amounts to little more than a disagreement with the district court's exercise of its discretion. Because the district court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and in accordance with the applicable legal standards through an exercise of reason, Cannon has failed to carry his burden of showing the district court abused its discretion denying his request to supplement discovery.

**B.     Award of Storage Fees**

Cannon argues that the district court erred in interpreting I.C. § 45-806 as a basis to award storage fees to Respondents. Although Respondents acknowledge the district court relied on I.C. § 45-806 as a basis for the storage fee award, they do not provide any argument regarding how that statute should be interpreted. Rather, Respondents argue that, because the district court determined the cost of keeping the Camaro is a "reasonable storage fee" and because Cannon did not demonstrate that the $50.00 daily storage fee was unreasonable, the district court did not err in its storage fee award. We hold that I.C. § 45-806 does not support the storage fee award in this case.

Our interpretation of a statute must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002).

Idaho Code Section 45-806 reads, in relevant part:

> Any person, firm or corporation, who makes, alters or repairs any article of personal property, at the request of the owner or person in legal possession thereof, has a lien, which said lien shall be superior and prior to any security interest in the same for his reasonable charges for work done and materials furnished, and may retain possession of the same until the charges are paid. If not paid within two (2) months after the work is done, the person, firm or corporation may proceed to sell the property at public auction, by giving ten (10) days' public notice of the sale by advertising in some newspaper published in the county in which the work was done; or, if there be no newspaper published in the county, then by posting up notices of the sale in three (3) public places in the town where the work was done, for ten (10)

days previous to the sale. The proceeds of the sale must be applied to the discharge of the lien and the cost of keeping and selling the property; the remainder, if any, must be paid over to the owner thereof.

The plain language of I.C. § 45-806 does not authorize an award of storage fees. The only reference to storage fees in I.C. § 45-806 relates to the use of proceeds from a lien sale to pay for "the cost of keeping" the property sold pursuant to the sale. This language does not itself authorize a lienholder to charge for the "cost of keeping" the property, i.e., storing it, in the first instance. Even assuming there was a valid lien sale in this case, such that proceeds from the sale could be applied to the "cost of keeping" the Camaro, Respondents presented no evidence of its costs to "keep[]" the Camaro. The only evidence presented regarding storage fees, and found by the district court, was that Respondents charge $50 a day for storage. What Respondents charge does not show what it actually cost the Respondents to store Cannon's Camaro. Further, because the statute only authorizes recoupment of costs, it is irrelevant whether the Respondents' daily storage fee was reasonable; indeed, the word "reasonable" does not appear in I.C. § 45-806. Thus, even assuming Respondents could get a storage fee award in the absence of a lien sale, Respondents failed to meet their burden of presenting evidence of costs that would entitle them to such an award. The storage fee award included in the judgment is, therefore, vacated.

**C.     Attorney Fees and Costs Before the District Court**

Respondents argue that the district court abused its discretion in not awarding it attorney fees and costs as the prevailing party pursuant to I.C. § 12-120(3) and I.R.C.P. 54(d). More specifically, Respondents argue that, although Cannon prevailed in the action to suspend the lien sale, the gravamen of that cause of action was not the "commercial transaction" entitling Respondents to attorney fees. Respondents further argue that the action to suspend the lien sale was pursued only against Teel in his individual capacity and not against Teel Collision and/or Teel Auto Body and, as a result, those entities are still entitled to attorney fees relative to the commercial transaction involving the work performed on the Camaro. We do not have jurisdiction to consider Respondents' challenge to the district court's decision regarding attorney fees because Respondents did not file a cross-appeal.

Idaho Appellate Rule 15 governs cross-appeals. The rule provides that, after an appeal has been filed, a timely cross-appeal may be filed from any interlocutory or final judgment or order. A cross-appeal is required if the party is seeking affirmative relief in the form of reversal, vacation,

7

or modification of the judgment or order appealed from.  I.A.R. 15(a).  A notice of cross-appeal must be filed within the forty-two day time limit prescribed in I.A.R. 14 or within twenty-one days of the original notice of appeal, whichever is later.  I.A.R. 15(b).  The failure to file a timely notice of cross-appeal is jurisdictional.  I.A.R. 21.  By asking this Court to reverse the district court's order denying attorney fees, Respondents are seeking affirmative relief that requires a timely notice of cross-appeal.  Respondents, however, failed to file a notice of cross-appeal in this case.  As such, this Court lacks jurisdiction to consider Respondents' additional issue on appeal regarding the district court's order denying attorney fees.  *See Carr v. Carr*, 116 Idaho 747, 753, 779 P.2d 422, 428 (Ct. App. 1989) (holding that failure to file a timely notice of cross-appeal precludes consideration of issues).

### D.        Attorney Fees on Appeal

On appeal, both Cannon and Teel Auto Body request attorney fees pursuant to I.C. § 12-120(3).  Idaho Code Section 12-120(3) provides for an award of reasonable attorney fees to the prevailing party in a civil action to recover on any commercial transaction.  The prevailing party analysis is guided by I.R.C.P. 54(d)(1)(B).  There are three principal factors to consider in determining who is a prevailing party:  (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues.  *City of Middleton v. Coleman Homes, LLC*, 163 Idaho 716, 723, 418 P.3d 1225, 1232 (2018); *Nguyen v. Bui*, 146 Idaho 187, 192, 191 P.3d 1107, 1112 (Ct. App. 2008).  The identification of prevailing parties is committed to the trial court's sound discretion.  *Gilbert v. City of Caldwell*, 112 Idaho 386, 399, 732 P.2d 355, 368 (Ct. App. 1987).  Determining which party prevailed in an action where there are claims and counterclaims requires an examination of the case overall, not on a claim-by-claim basis.  *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005)   Both Cannon and Teel Auto Body have partially prevailed on appeal.  Accordingly, we decline to award attorney fees to either party on appeal.

## IV.

## CONCLUSION

The district court did not abuse its discretion in denying Cannon's motion to supplement discovery because Cannon failed to show good cause for his noncompliance with the discovery

requirements and allowing Cannon to supplement his discovery was not necessary to prevent injustice. Respondents were not entitled to storage fees pursuant to I.C. § 45-806 because the plain language of that statute does not authorize an award of such fees and Respondents failed to present evidence of costs of keeping the vehicle. We cannot consider Respondents' claim that the district court abused its discretion in declining to award attorney fees to either party because Respondents failed to file a cross-appeal. Consequently, the district court's judgment is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. Because the parties both prevailed in part, no attorney fees or costs are awarded on appeal.

Judge GRATTON and Judge HUSKEY, **CONCUR**.